## 36446. BOARD OF TRUSTEES OF THE POLICEMEN'S PENSION FUND OF ATLANTA et al. v. CHRISTY.

MARSHALL, Justice.

We granted certiorari in this case to review the holdings of the Court of Appeals, that the phrase "in line of duty" in the provision for in-line-of-duty disability pensions in the Act establishing the Policemen's Pension Fund of Atlanta (Ga. L. 1933, p. 213; as amended) means the same as "arises out of and in the course of employment" under the Georgia Workers' Compensation Act (Code § 114-102), and that the appellee-claimant's injuries were in fact

received "in line of duty," as that phrase had been construed.

1. We agree with the Court of Appeals' construction of the phrase "in line of duty," but deem it necessary to address an issue not expressly considered by that court, i.e., the effect of § 23 of the 1933 Act (which has never been expressly repealed), which provides: "This Act shall not be affected [by?] nor shall it affect any of the provisions of any workmen's compensation law or other similar laws."

Since a strict and literal construction of the above provision standing alone would seem to require a result contrary to that reached by the Court of Appeals, we must examine some principles of statutory construction to determine the effect of the entire statute on the issue here involved. Initially, we note that the decisions of the courts of other states are mere opinions, which are not binding upon this court and will be followed only in case this court considers them sound and sees fit to follow them. *Thompson v. Eastern Air Lines,* 200 Ga. 216, 222 (36 SE2d 675) (1946).

"1. The cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law. As a general rule, the use of plain and unequivocal language in a legislative enactment obviates any necessity for judicial construction, and indeed forbids an interpretation of the words employed by the General Assembly. 2. An exception to the general rule just stated is presented by the use of words the meaning of which in general acceptation is apparently obvious, and yet the purpose of the legislature would be defeated were the words employed construed literally. Courts may construe the language employed in the act in connection with the context, and ascertain the legislative intent as derived from the old law, the evil, and the remedy, and will not defeat the intention and purpose of the General Assembly by giving effect to words which would render the purpose of the General Assembly in the passage of the enactment futile, unenforceable, or ineffectual. 3. In the construction of a statute a court may decline to give a legislative act such construction as will attribute to the General Assembly an intention to pass an act which is not reasonable, or as will defeat the purpose of the proposed legislation. In the exercise of this power a court may avoid a portion of the enactment and preserve the remainder." *Gazan v. Heery,* 183 Ga. 30 (187 SE 371) (1936). "In the construction of a statute the legislative intent must be determined from a consideration of it as a whole . . . The construction of language and words used in one part of the statute must be in the light of the legislative intent as found in the statute as a whole . . . Where there is an apparent conflict between different sections of the same statute, the duty of a court is to reconcile them, if possible, so as to make them consistent and

harmonious with one another . . . If they cannot be so reconciled the one which best conforms to the legislative intent must stand . . . Where a particular expression in one part of a statute is not so extensive or large in its import as other expressions in the same statute, it must yield to the larger and more extensive expression, where the latter embodies the real intent of the legislature . . ." *Williams v. Bear's Den, Inc.,* 214 Ga. 240, 242 (104 SE2d 230) (1958) and cits. "In construing statutes subsequent acts of the legislature on the same subject may be considered." *Wingfield v. Kutres,* 136 Ga. 345, 349 (71 SE 474) (1911) and cit. The courts are to be guided by the last expression of the General Assembly on a subject. See cases annotated under Code § 102-102 (9), catchwords "Last expression."

Applying these principles to the case at bar, we note that the Act in question has been amended a number of times in order to liberalize it. Ga. L. 1957, pp. 3244, 3247, § 7 provided: "This Act, being necessary for the welfare of the State and its inhabitants, *shall be liberally construed to effect the purposes hereof."* (Emphasis supplied.) The "purposes hereof" are, inter alia, "to furnish a pension to the . . . disabled members of the police departments of such cities who are now or may hereafter be in the service of such departments and on the pay-roll of such departments . . ." Ga. L. 1933, pp. 213, 221, § 20. By the provisions of Ga. L. 1964, pp. 3001, 3004, § 1 (f), disability incurred in the line of duty was made computable by the same formula as was used for computing the more liberal retirement as of right. Ga. L. 1973, pp. 2832, 2835, § 2 liberalized the coverage for disability pensions by reducing the prerequisite period of employment from 10 to five years. Ga. L. 1978, pp. 4527, 4530, § 1 (F) recognized the interaction between this Act and the Workers' Compensation Act by providing that "pension benefits for disability incurred in the line of duty shall be reduced by the portion of compensation benefits payable under Workmen's [now Workers'] Compensation Laws of such city . . ." Whereas Ga. L. 1963, pp. 2893, 2895, § 2 restricted governing authorities to use of only current funds to make up any deficiencies in the pension fund, Ga. L. 1978, pp. 4527, 4536, § 1 (L) broadened the base of support for the fund to allow ad valorem taxes as well as current funds accounts to be used to pay the employer's contribution to the fund, thus allaying the appellants' expressed fears of the effect of using the broader, Workers' Compensation construction of "in line of duty."

"Where construction is needed, the rule is that pension Acts must be liberally construed in favor of the rights of the pensioner. *City of Macon v. Herrington,* 198 Ga. 576, 589 (32 SE2d 517)." *City Council of Augusta v. Wilhelm,* 111 Ga. App. 234, 236 (141 SE2d 220) (1965). In construing the very Act in issue now, the Court of Appeals

held that "[g]iving to the act the liberal construction to which it is entitled in view of the beneficent purpose for which it was enacted [Cits.], [a] provision, being restrictive of the rights granted by the act generally, must be strictly construed and its application to the provisions of the law . . . will not be extended to limit the right of a member of the policemen's pension fund to draw a pension on account of permanent disability as provided in Section IV of the act."

Our holding is not to the effect that § 23 of the 1933 Act is of no force and effect under any circumstances. It may well be that its intent was to prevent the large-scale incorporation of another body of law into the Act, which may not have been congruous with the purposes and the operation of the Act. In any event, we do not consider our construction of the Act as a total disregard of § 23, but rather an engrafting of a limited yet established body of law onto the phrase "in line of duty," to fill a gap left by the General Assembly's failure to define such phrase. We deem such construction not to do violence to the statute as a whole, nor to existing case and statutory laws, as set out hereinabove. Rather, by giving the phrase the broader meaning encompassed within the Workers' Compensation Act, we have, we believe, implemented the General Assembly's express policy of a liberal construction to effect the Act's purposes.

2. We also agree with the Court of Appeals' holding that the facts established by the appellee brought this case within the rule of the Workers' Compensation case of *Indemnity Ins. Co. v. Bolen,* 106 Ga. App. 684, 687 (127 SE2d 832) (1962). The facts show that the appellee was subject to be called to duty on a 24-hour basis; that Rule 1.07 of the police department provided that "An officer appearing in public in uniform, though off duty, will be considered on duty . . ."; that the appellee was allowed to take the police motorcycle home for the mutual benefit of himself and the city; that he was riding on the city police motorcycle in uniform at the time of the collision, which was not caused by his negligence or misconduct; that the collision occurred on the most direct route from his home to his assigned duty post for the day, en route to which he was traveling; that the appellee was within 30 minutes of his assigned duty post at the time of the collision and that he met the conditions for being "in the line of duty" as told to him and the other motorcycle officers by the supervisor of the motorcycle patrolmen, i.e., (1) proceeding from home to his assigned duty post for the day, (2) on his police motorcycle in uniform, (3) within 30 minutes of his assigned duty post. The argument that there was no benefit to the city in terms of increased police presence and availability for emergency duty while the appellee was still outside the city limits of Atlanta, hence without jurisdiction to make arrests, etc., is an attempt to unduly narrow the

definition of "in line of duty" above approved. The availability of the motorcycle at the appellee's home made him more readily available to quicker answering of calls to duty, to which he was subject for 24 hours a day. Even while he was outside the city limits, he was at a place where it was necessary to be in order to fulfil his duties as a policeman, i.e., on a direct route to his assigned duty post from his home, where he had taken the motorcycle with the department's permission and approval.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1980 — DECIDED OCTOBER 16, 1980.

*Ferrin Y. Mathews, Malcolm J. Hall, Irmina Rivero Owens, Marva Jones Brooks,* for appellants.

*Walter E. Sumner,* amicus curiae.

*Robert W. Hassett, Edward T. M. Garland,* for appellee.