A90A0255. SLEDGE v. EMPLOYEES' RETIREMENT SYSTEM OF GEORGIA.
(396 SE2d 550)

DEEN, Presiding Judge.

The issue presented by this appeal is whether benefits due under the disability retirement section (OCGA § 47-2-123) of the statutes governing the Employees' Retirement System of Georgia must be calculated in reference to OCGA § 47-1-120 (c) and (d), which allow the eligibility for service retirement benefits as if the member were age 65, regardless of the member's age, if the member has tendered thirty or thirty-four years of service, respectively. The trial judge summarized his view that the legislature would not pass legislation graduating the level of projection that a *disability* applicant is entitled to in accordance with *actual* years of service established at the time of the application if it intended the applicant to be further entitled to an *additional* projection by application of the provisions contained in OCGA § 47-2-120 (c) and (d). The trial judge agreed with Op. Att'y Gen. No. 87-9 (February 25, 1987), which points out that the later cited Code section is only available to those persons seeking a *service* retirement allowance and not those whose retirement allowance is based on the death, *disability*, or involuntary separation of a member. We agree with the trial judge and adopt the following language of the trial court's order:

"Plaintiff's entitlement to a disability allowance is provided by O.C.G.A. § 47-2-123(c) (1). Under this section, Plaintiff receives 75% of the service retirement allowance he would have received at age 60. O.C.G.A. § 47-2-123(c) (1). Thus, his allowance is based on a hypothetical age of 60 and 37 years of service — 16 plus years of actual service and approximately 20 years of additional projected service representing the difference between his age at retirement (39 years) and age 60. The ERS subjected his allowance to an age reduction factor of 25% representing a 5% reduction for each year between the hypothetical age of 60 and age 65.

"Plaintiff contends that his allowance should not have been subject to an age reduction factor under the exceptions of O.C.G.A. § 47-2-120(c) or (d) because he is deemed to have 37 years of service under O.C.G.A. § 47-2-123(c) (1) and that the "service retirement allowance" specified in O.C.G.A. § 47-2-123(c) (1) must be calculated pursuant to O.C.G.A. § 47-2-120(c) and (d). Conversely, Defendant contends that the exceptions contained in O.C.G.A. § 47-2-120(c) and (d) apply only to the calculation of a service retirement allowance and not to a disability allowance.

"Official Code of Georgia Annotated 47-2-123(c) provides that 'any member who is under 60 years of age shall receive . . . a disability allowance which shall consist of' the retirement allowances pro-

vided for in subparagraphs (1) through (4). Under the graduated scheme of these subparagraphs, the projection in age factor to which an applicant is entitled varies in accordance with the number of years of service established at the time the disability application is filed.

"It is a fundamental rule of statutory construction that where the language of a statute is plain and unambiguous, the terms used therein should be given their common and ordinary meaning. *Board of Tax Assessors of Decatur Co. v. Catledge*, 173 Ga. 656 (1931); *Standard Steel Works Co. v. Williams*, 155 Ga. 177 (1922). The language of O.C.G.A. § 47-2-123 is clear on its face, and in light of the way this disability statute is drawn, it would be redundant to read O.C.G.A. § 47-2-123(c) in conjunction with O.C.G.A. § 47-2-120(c) or (d). Clearly, the General Assembly would not pass legislation which would graduate the level of projection a disability applicant is entitled to in accordance with his actual years of service established at the time of application if it intended the applicant to be entitled to an additional projection by application of the provisions contained in O.C.G.A. § 47-2-120(c) or (d). *See, e.g., Board of Trustees v. Christ[y]*, 246 Ga. 553 (1980) (it is presumed that the General Assembly would not enact legislation without reason). For the foregoing reasons and under the facts of this case, the Court holds that O.C.G.A. § 47-2-123(c) does not require reference to O.C.G.A. § 47-2-120(c) or (d), since such reference would create a projection on top of a projection, and that under O.C.G.A. § 47-2-123(c) (1) the ERS may properly apply its age reduction factor. It follows that the ERS correctly calculated Plaintiff's benefits."

Since the trial court has correctly analyzed the applicability of the Code sections as to disability retirement, we affirm the trial court's decision.

*Judgment affirmed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong and Sognier, JJ., concur. Pope, Beasley and Cooper, JJ., dissent.*

Pope, Judge, dissenting.

I disagree with the opinion of the trial court in this case and the earlier opinion of the Attorney General that the calculation of disability benefits does not call for a projection in age pursuant to OCGA § 47-2-123 (c) or (d). See Op. Att'y Gen. No. 87-9 (February 25, 1987). In my opinion, the calculation of benefits due under the disability section (OCGA § 47-2-123) by necessity requires reference to subsections (c) and (d) of the service retirement section (OCGA § 47-2-210).

The parties stipulated that the plaintiff, Ernest S. Sledge, is entitled to disability benefits, that he was age thirty-nine at the time his disability arose and had accrued sixteen years of service as a member of the retirement system. Since he was under sixty years of age at the

time his disability arose and had accrued more than fifteen but less than twenty years of service, he is entitled to receive benefits consisting of "75 percent of the service retirement allowance which would have been payable upon service retirement at age 60 *had the member continued in service to age 60* without further change in compensation. . . ." (Emphasis supplied.) OCGA § 47-2-123 (c) (1). The controversy centers on how the "service retirement allowance . . . payable upon service retirement at age 60" should be calculated.

To calculate the "service retirement allowance . . . payable . . . at age 60" one must necessarily refer to the Code section which addresses service retirement allowances, OCGA § 47-2-120. That section sets forth no single formula for retirement of an employee at age sixty. Instead, the section provides for different benefits depending upon the number of years of service a member has accrued. If an employee retires at age sixty with less than thirty years of service, the Employees' Retirement System may reduce the benefits due him in accordance with actuarial tables. OCGA § 47-2-120 (a) (1). In this case, defendant Employees' Retirement System calculated the benefits due plaintiff pursuant to subsection (a) and applied an age reduction factor of five percent for each of the five years between age sixty (the hypothetical retirement age allowed by the disability statute) and the full retirement age of sixty-five. However, if, as set forth in the disability section, "the member [in this case had] continued in service to age 60" he would have accrued thirty-seven years of service. Thus, upon retirement at age sixty he would have been entitled to full retirement benefits as if he were age sixty-five pursuant to OCGA § 47-2-120 (d). Since he would have been entitled to full retirement benefits at age sixty without the age reduction factor otherwise imposed on retirees at age sixty, then, pursuant to the disability statute he is entitled to seventy-five percent of those same benefits, again, without imposition of the age reduction factor.

It is true, as the lower court noted, that the disability Code section graduates the level of benefits due a disabled employee depending upon the number of years of service established at the time the disability arose. See OCGA § 47-2-123 (c) (1)-(4). However, I do not agree with the opinion of the trial court, adopted by a majority of this court, that reference to the service retirement Code section in calculating benefits due under the disability retirement section is redundant or results in a double graduation of benefits due. Instead, as I construe the plain and unambiguous language of the disability section reference must be made to the service retirement section in order to calculate the disability retirement benefits due. If the member would not be subject to the age reduction factor for retirement under the service retirement section, then he should not be subject to reduction under the disability retirement section which defines the disability

benefits due a member in reference to the service retirement benefits which would have been payable to him if he had worked on to the age of sixty. I do not interpret the projection forward to age 65, depending on years of service, contained within OCGA § 47-2-120 (c) and (d) to be in conflict with or inconsistent with the graduation of benefits due, depending on years of service, contained within OCGA § 47-2-123 (c) (1)-(4). Thus, the two statutes do not need to be "reconciled" but merely construed literally in favor of the rights of the pensioner. See *Board of Trustees &c. v. Christy*, 246 Ga. 553 (1) (272 SE2d 288) (1980).

The language of subsection (c) (1) clearly makes a disability retiree eligible for a percentage of those benefits he would have been due "had [he] *continued* in service to age 60" (emphasis supplied) at the same rate of compensation. The majority opinion seemingly ignores the clear and unambiguous phrase "continued in service to age 60" and instead effectively interprets the statute to grant the retiree those benefits he would be due if he had already reached age 60 at the time the application for disability retirement benefits was filed. If such is the intent of the legislature then it is properly the role of the legislature to amend the statute.

I am authorized to state that Judge Beasley and Judge Cooper join in this dissent.

DECIDED JULY 13, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Chilivis & Grindler, John K. Larkins, Jr., Lillian C. Giornelli*, for appellant.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Harrison W. Kohler, Deputy Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Susan Rutherford, Assistant Attorney General*, for appellee.