A93A0283. WILLIAMS v. THE STATE.
(431 SE2d 469)

BLACKBURN, Judge.

The defendant, Carl E. Williams, was indicted for the February 15, 1979 armed robbery of a jewelry store, convicted by a jury of the offense in November 1979, and subsequently sentenced to life in prison. On December 9, 1991, 12 years after his conviction and imposition of sentence, the defendant petitioned the Superior Court of Irwin County, the county in which the robbery occurred, to set aside his life sentence. Based upon a review of the record of the 1979 proceedings, the trial court concluded that the defendant was properly sentenced to life in prison and concluded that the sentencing court properly considered the defendant's prior conviction for robbery from the State of Florida as evidence in aggravation of the punishment. This appeal followed.

1. In his first and third enumerations of error, the defendant contends that the sentencing judge erred in imposing a life sentence. The defendant also asserts in his seventh enumeration of error that the lower court erred in upholding the life sentence imposed by the sentencing judge. Although a superior court judge can modify a void sentence at any time, *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991), "OCGA § 17-10-1 authorizes the trial court to sentence a defendant to any amount of time within limits provided by law. 'The [sentence] in this case [was] within the statutory limits [OCGA § 16-8-41 (b)], and any complaints regarding the [sentence] should have been addressed to the appropriate sentence review panel. (Cit.)' [Cit.]" *Browner v. State*, 206 Ga. App. 676 (426 SE2d 673) (1992). Accordingly, this enumeration is without merit.

2. In his second enumeration of error, the defendant contends that the sentencing judge erred in sentencing him under a recidivist statute when he was never indicted under a recidivist statute. We disagree.

At the sentencing hearing held after the jury published its guilty verdict, the trial court admitted evidence in aggravation of the punishment pursuant to OCGA § 17-10-2. More specifically, the trial court admitted without objection, a certified copy of a 1973 robbery conviction against the defendant from the State of Florida, for which he was sentenced to 40 years in the state penitentiary. Although the

trial court imposed a higher degree of punishment for the offense, the trial court did not impose the maximum punishment, which would have been mandated if the defendant was indicted as a recidivist. See OCGA § 17-10-7 (b). "Appellant's prior felony [conviction was] not used against him during sentencing for *legislatively-imposed* recidivist punishment. That is, the Court did not fix the term on the basis that it was required to do so as a matter of public policy under OCGA § 17-10-7." *Jefferson v. State*, 205 Ga. App. 687, 688 (423 SE2d 425) (1992). "Instead, the trial court imposed [the] punishment . . . based on an exercise of its *judicial discretion* as applied to the facts of the case and the aggravating factor of defendant's history of crime." Id. In imposing the sentence, the trial considered armed robbery "to be a most serious crime, taking into consideration the fact that [the defendant was] . . . apparently on parole, having been convicted and having been sentenced in Florida earlier to a sentence of forty years for this offense; and apparently time did not have sufficient effect on [him] to cause [him] to change [his] ways, which apparently got [him] into trouble in Duval County, Florida, initially." The legislature's determination that repeat offenders should be punished more severely when they are indicted as such "does not deprive the judicial branch of the discretion to impose the same degree of punishment because of a background which includes criminal behavior." Id. Accordingly, the trial court did not err in imposing an elevated sentence which was within the minimum and maximum prescribed by law.

3. In his fourth enumeration of error, the defendant contends that the sentencing judge erred in considering the Florida offense when there was no proof of the Florida offense introduced during his sentencing hearing. The defendant also contends that the trial court erred in concluding that the Florida offense was properly considered in the sentencing phase of the trial. However, at trial, counsel for the defendant did not object to the admission of the prior coviction. " '(E)numerations of error which raise questions for the first time on appeal present nothing for decision.' (Punctuation and citations omitted.) [Cit.]" *Meriwether v. State*, 204 Ga. App. 113, 115 (3) (418 SE2d 451) (1992). Consequently, this enumeration is without merit.

4. Lastly, the defendant contends that the lower court erred in denying him an evidentiary hearing on his "Motion for Modification of Nullity and Void Sentence." However, the defendant has not presented any authority in support of such a post-conviction remedy. Compare OCGA § 17-10-6 (c), which limits the sentencing panel's review to the written arguments of the defendant and the district attorney. Inasmuch as the defendant has "provided neither argument nor citation of authority as to [this] enumeration . . . [this] enumeration is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2)." *Kosal v. State*, 204 Ga. App. 708, 713 (5) (420 SE2d 621) (1992).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993.

*H. B. Edwards III*, for appellant.
Carl E. Williams, *pro se.*
*David E. Perry, District Attorney, Ronnie A. Wheeler, Assistant District Attorney*, for appellee.