S94A1553. WORLEY v. THE STATE.
(454 SE2d 461)

THOMPSON, Justice.

Worley was convicted of armed robbery and sentenced to life in prison.[1] Acting pro se, Worley filed a petition for declaratory judgment in superior court, naming the State of Georgia as respondent, and seeking a declaration that his sentence is void. The State moved to dismiss. The superior court treated the matter as a petition to correct a void sentence. Finding the sentence valid, the superior court granted the State's motion to dismiss and denied the petition. Worley appeals, asserting the sentencing provision of the armed robbery stat-

---

[1] His conviction was affirmed in *Worley v. State,* 201 Ga. App. 704 (411 SE2d 760) (1991).

ute, OCGA § 16-8-41 (b), is unconstitutional on due process grounds.[2] We affirm.

1. OCGA § 17-10-1 authorizes a trial judge to sentence a defendant within limits prescribed by the applicable criminal statute. The sentencing limits of the armed robbery statute are set forth in OCGA § 16-8-41 (b) as follows:

> A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than five nor more than 20 years.

The armed robbery statute clearly specifies that a person convicted of armed robbery can be sentenced to prison for life[3] *or* a determinate term between five and twenty years (see *Williams v. State*, 208 Ga. App. 716 (1) (431 SE2d 469) (1993); *Browner v. State*, 206 Ga. App. 676 (426 SE2d 673) (1992)). Thus, a person convicted of armed robbery must be given a determinate sentence, unless he is sentenced to life. *Browner v. State*, supra.

The law which governed Worley's sentencing provided:

> Except in cases in which life imprisonment or the death penalty *must be imposed* . . . the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years, which shall be within the minimum and maximum prescribed by law as the punishment for the crime.

(Emphasis supplied.) OCGA § 17-10-1 (a) (Michie 1990). If one were to focus only upon the emphasized statutory language, it would appear that Worley should have been given a determinate sentence because he was not sentenced as a recidivist and, therefore, the sentencing court was not *required* to impose a life sentence. See OCGA § 17-10-7. But that is not the case.

Prior to the enactment of the Official Code of Georgia Annotated, former Ga. Code Ann. § 27-2502 (Ga. L. 1974, p. 354), the predecessor to OCGA § 17-10-1, provided:

> [T]he judge . . . shall prescribe a determinate sentence for a specific number of years, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, except in cases in which life imprisonment or

---

[2] This is Worley's third attack on his life sentence. *Worley v. State*, A93A1192, September 8, 1993 (unpublished); *Worley v. State*, A92A1229, October 20, 1992 (unpublished).
[3] The death penalty cannot be imposed for armed robbery. *Gregg v. State*, 233 Ga. 117, 127 (210 SE2d 659) (1974).

capital punishment *is imposed.*

(Emphasis supplied.) Thus, prior to the enactment of OCGA § 17-10-1, a sentencing court clearly had the option of imposing a determinate sentence or a life sentence whether or not the offender was a recidivist.

When the Official Code of Georgia Annotated was adopted in 1982, the "is imposed" language of Ga. Code Ann. § 27-2502 was altered to read "must be imposed." However, the enactment of the Official Code was intended as a recodification of state law; it was not intended to alter the substantive law in existence at that time. OCGA § 1-1-2; see *Porter v. State,* 168 Ga. App. 703, 704 (309 SE2d 919) (1983). Thus, even when read in conjunction with the version of OCGA § 17-10-1 (a) which governed Worley's sentencing, the armed robbery statute must be construed as allowing for the imposition of a life sentence or a determinate sentence, whether or not the offender was sentenced as a recidivist.[4]

2. Worley asserts that even if the armed robbery sentencing statute can be reconciled with OCGA § 17-10-1, it is unconstitutionally void for vagueness because it gives no clear guidelines for determining whether to impose life imprisonment or a determinate sentence. See *Arnold v. State,* 236 Ga. 534, 541 (224 SE2d 386) (1976) (statute cannot withstand constitutional scrutiny if its guidelines leave too much room for personal decision making). We cannot accept this assertion. The statute is straightforward and its guidelines are clear: A judge can impose a life sentence or a determinate sentence in the exercise of his or her discretion.[5] See *Hambrick v. State,* 256 Ga. 148, 149-150 (3) (344 SE2d 639) (1986); *Jefferson v. State,* 209 Ga. App. 859, 863 (434 SE2d 814) (1993). It cannot be said that the statute is void simply because it requires a judge to exercise discretion in imposing an appropriate sentence. See generally *Cottingham v. State,* 206 Ga. App. 197, 199 (424 SE2d 794) (1992) (use of mechanical sentencing formula is abdication of judicial responsibility).

*Judgment affirmed. All the Justices concur; Benham, P. J., not participating.*

CARLEY, Justice, concurring.

The majority opinion's conclusion that even after the adoption of OCGA § 17-10-1 a sentencing court clearly could impose either a life

---

[4] Our conclusion in this regard is bolstered by the 1993 amendment to OCGA § 17-10-1 (a) (Michie Supp. 1994) in which the words "may be imposed" were substituted for the words "must be imposed." See *Bd. of Trustees v. Christy,* 246 Ga. 553, 555 (272 SE2d 288) (1980) (subsequent acts of legislature may be considered in determining intent of previous acts).

[5] Of course, a sentence in excess of 12 years is subject to review by the appropriate sentence review panel. See OCGA § 17-10-6; *Williams v. State,* 208 Ga. App. 716 (1), supra.

sentence or a determinate sentence is supported and further bolstered by a review of the act of the General Assembly adopting the official Code of Georgia Annotated. Ga. L., August-September 1981, Extraordinary Session, p. 8. The act recited the 1977 creation of the Code Revision Commission and that Commission's 1978 contract with the publisher for the "recodification and publication of Georgia laws in a new official Code of Georgia Annotated." The act further recited that the statutory portion of the new Code as prepared by the Code Revision Commission was on file in the Office of the Secretary of State. The act then provided:

> The statutory portion of the codification is contained in 24 volumes entitled "Code of Georgia 1981 Legislative Edition" plus one volume entitled "Code of Georgia 1981 Legislative Edition Supplement." The material contained in such supplement consists of acts and resolutions of the General Assembly enacted in the 1981 regular session. *The material contained in such supplement shall supersede correspondingly numbered material in the other 24 volumes. . . .*

(Emphasis supplied.) Thus, the intention of the legislature was to adopt the "Code" as set forth in the 24 volumes on file in the Secretary of State's Office *as superseded by* any changes the legislature made during its regular 1981 session. The language of OCGA § 17-10-1 in effect at the time Worley was sentenced was that contained within the 24 volumes of the "Code of Georgia 1981 Legislative Edition" which, of course, obviously was prepared prior to the 1981 regular session of the General Assembly. At that session, the General Assembly amended Code § 27-2502, the predecessor to OCGA § 17-10-1, by renumbering the existing Code section as section (a) and adding a new subsection (b) dealing with parole. The 1981 act then provided

> that when so amended Code Section 27-2502 shall read as follows:

> 27-2502. Determinate sentences. (a) Upon a verdict or plea of guilty in any case involving a misdemeanor or felony the judge fixing such sentence shall prescribe a determinate sentence for a specific number of years, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, except in cases in which life imprisonment or capital punishment *is* imposed. The judge imposing said sentence is hereby granted power and authority to suspend or probate said sentence, under such rules and regulations as he deems proper. Said judge shall also be empow-

ered to revoke said suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court. After the term of court at which the sentence is imposed by the judge, he shall have no authority to suspend, probate, modify or change the sentence of said prisoner, except as otherwise provided.

(Emphasis supplied.)

Thus, at the time of the adoption of the Official Code of Georgia Annotated, the General Assembly had reiterated its intent that a determinate sentence for a specific number of years would not be required in cases where the trial judge is authorized to and does impose life imprisonment. It follows that OCGA § 16-8-41 (b) read in conjunction with OCGA § 17-10-1 authorizes the imposition of a life sentence or a determinate sentence at the discretion of the trial judge.

DECIDED MARCH 6, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

Robert Russell Worley, *pro se.*

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Paula K. Smith, Senior Assistant Attorneys General,* for appellee.