S95Q0082. ECHOLS v. THOMAS.
(458 SE2d 100)

</div>

FLETCHER, Justice.

The trial court sentenced Curtis L. Echols, Jr., to life imprisonment after he pled guilty to armed robbery. Echols filed a petition for habeas corpus contending that the state's general sentencing statute did not authorize a life sentence for armed robbery. Both state and federal habeas courts denied his petition. In certifying its state-law question to this court, the Eleventh Circuit Court of Appeals requested that we address whether the trial court had the authority

---

[7] Id. at 531.
[8] Id.

under Georgia sentencing statutes to impose a life sentence on Echols for armed robbery.[1] We answer yes to the certified question because the legislature did not intend to prevent a sentencing court from imposing a sentence of life imprisonment for an armed robbery conviction in enacting the Official Code of Georgia Annotated.

Echols was sentenced to life imprisonment under OCGA § 16-8-41 (b), the armed robbery statute. It provides that a person convicted of armed robbery shall be punished by "imprisonment for life or by imprisonment for not less than five nor more than 20 years."[2] Despite this life-imprisonment provision, Echols argues that OCGA § 17-10-1 (a), the state's sentencing statute, prevented the trial court from imposing a life sentence. When Echols was sentenced in 1987, that statute provided for a determinate sentence for a specific number of months or years, except when life imprisonment "must be imposed":

> Except in cases in which life imprisonment or the death penalty must be imposed, . . . the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years, which shall be within the minimum and maximum prescribed by law as the punishment for the crime.[3]

Echols contends that the only situation in which life imprisonment must be imposed for armed robbery is under the recidivist sentencing statute,[4] which does not apply to his conviction. Therefore, he argues that his sentence is void under the plain meaning of the sentencing statute.

In construing a statute, we must consider the legislative intent, "keeping in view at all times the old law, the evil, and the remedy."[5] Language in one part of the statute must be construed in light of the legislature's intent as found in the whole statute.[6] Although appellate courts generally do not construe statutory language that is plain and unequivocal, judicial construction is required when words construed literally would defeat the legislature's purpose.[7]

Applying these rules last term in *Worley v. State*,[8] we rejected the argument that the plain meaning of the sentencing statute prevents a trial court from imposing a sentence of life imprisonment for

---

[1] *Echols v. Thomas*, 33 F3d 1277 (11th Cir. 1994).
[2] OCGA § 16-8-41 (b) (1992).
[3] OCGA § 17-10-1 (a) (1990).
[4] OCGA § 17-10-7 (a) (1990).
[5] OCGA § 1-3-1 (a) (1990).
[6] *Bd. of Trustees v. Christy*, 246 Ga. 553, 554 (272 SE2d 288) (1980).
[7] *Bibb County v. Hancock*, 211 Ga. 429, 439 (86 SE2d 511) (1955).
[8] 265 Ga. 251 (454 SE2d 461) (1995).

armed robbery. In *Worley*, we concluded that the legislative history of the sentencing statute indicates that the Georgia General Assembly did not intend to make a substantive change in the criminal law when it adopted the "must be imposed" language as part of its recodification of state laws. This legislative history shows: (1) in 1974, the legislature amended the sentencing statute to empower judges, rather than juries, to impose a determinate sentence "except in cases in which life imprisonment or capital punishment is imposed";[9] (2) in the 1981 regular session, the legislature amended the sentencing statute and retained the "is imposed" language;[10] (3) later in 1981 during an extraordinary session, the legislature adopted the Official Code of Georgia Annotated prepared by the Code Revision Commission, which introduced the phrase "must be imposed" to OCGA § 17-10-1;[11] (4) in adopting this Code, the legislature provided that acts enacted during the 1981 regular session would supersede the official Code;[12] and (5) in 1982, the Official Code of Georgia Annotated was published, using the words "must be imposed."[13]

Considering this history, we adhere to our recent holding in *Worley* that the legislature did not intend to restrict a judge's power to impose a life sentence for armed robbery. First, the armed robbery statute explicitly provides that the state may punish a person convicted of armed robbery by life imprisonment. To adopt Echols' interpretation would render meaningless this specific provision. Second, the adoption of the Official Code of Georgia Annotated was not intended to alter the substantive law, which a literal interpretation would do.[14] Third, the amendment to the sentencing statute during the 1981 regular session, which restated the words "is imposed," superseded the new Code's use of the "must be imposed" language.[15] Because the legislature did not intend to limit the punishment for armed robbery, we hold that the trial court had authority to sentence Echols to life imprisonment for armed robbery.

*Question answered in the affirmative. All the Justices concur.*

---

[9] Ga. Code Ann. § 27-2502 (Harrison 1978) (codifying Ga. L. 1974, pp. 352, 354).

[10] Ga. L. 1981, pp. 1024, 1025.

[11] Ga. L. 1981, Extraordinary Sess. 8; see Code of Georgia § 17-10-1 (1981 leg. ed.).

[12] Ga. L. 1981, Extraordinary Sess. at 9; see *Worley*, 265 Ga. at 254 (Carley, J., concurring).

[13] OCGA § 17-10-1 (1982).

[14] See OCGA § 1-1-2 (1990); *Worley*, 265 Ga. at 253; see also *Whaley v. State*, 260 Ga. 384 (393 SE2d 681) (1990) (applying the former law when the official Code altered the substantive law by omitting a Code section).

[15] See *Worley*, 265 Ga. at 254 (Carley, J., concurring).

DECIDED JUNE 5, 1995 —
RECONSIDERATION DENIED JUNE 23, 1995.

*Bondurant, Mixson & Elmore, Jill A. Pryor*, for appellant.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paula K. Smith, Assistant Attorney General*, for appellee.