S97A1657. MADDOX v. SCHRADER.
(492 SE2d 521)

HUNSTEIN, Justice.

Appellee Charles Schrader brought this quo warranto proceeding seeking to remove appellant Leland Maddox from his position as a member of the Henry County Development Authority. Henry County's third district commissioner appointed Maddox to the Authority on January 6, 1997. Schrader, a third district resident, voter, and taxpayer, alleges that Maddox is not qualified to hold a position as a member of the Authority representing the third commissioner district because Maddox is not a resident of that district. Maddox filed a motion to dismiss arguing that the local act of the General Assembly providing for the appointment of members of the Authority, Ga. L. 1995, p. 4123 (hereinafter the "local act"), does not require intra-district residency.[1] The trial court held Maddox was not qualified to serve as a member of the Authority for the third district and ordered him removed from that position because the language of the local act requires Authority members to reside within the corresponding commission district of the post to which they are appointed.[2] We affirm.[3]

1. The local act provides, in pertinent part:

---

[1] It is undisputed that Maddox continues to reside within Henry County, albeit outside the third commission district.

[2] Because Henry County's Development Authority traces its roots to a constitutional amendment found at Ga. L. 1966, p. 853, the general proscriptions in the Development Authorities' Law, OCGA § 36-62-1 et seq., regarding county development authorities do not apply.

[3] The trial court based its ruling on the local act's application to undisputed facts; this Court reviews de novo such a question of law. See *City of Atlanta v. McKinney*, 265 Ga. 161, 163, n. 1 (454 SE2d 517) (1995).

(a) The Authority shall consist of five members appointed by the Board of Commissioners of Henry County ("board") from nominations as provided in this subsection. Those members of the Authority serving as such on February 1, 1995, and any person selected to fill a vacancy in such office shall serve for terms of office which expire at the first meeting of the board in January, 1996, and upon the appointment and qualification of their respective successors. *At such meeting, each member of the board from a numbered commissioner district shall nominate a person from such district to serve as a member of the Authority in a post corresponding to the number of such district.* . . . Successors to the members of the Authority whose initial terms of office expire as provided in this subsection, and all future successors to such members whose terms of office are to expire, shall be appointed by the board from a nomination by the commissioner whose numbered commissioner district corresponds to the numbered post of the Authority member whose term is to expire . . . . All members of the Authority shall be citizens of the United States, shall be at least 21 years of age, shall have been a resident of this state for two years, and shall have been a resident of Henry County for one year.

(Emphasis supplied.) Ga. L. 1995 at 4124. Maddox argues that the first part of the local act provides a transitional period for Authority membership and that during such period, from February 1, 1995 to January 1, 1996, the General Assembly clearly intended for Authority members to reside within their respective commissioner districts. He contends that the trial court erred by transposing the residency requirement for this transitional period to the local act's successor clause because the successor clause contained no ambiguity and needed no construction. We reject Maddox's interpretation of the local act because we find it is contrary to the legislature's intent in enacting Ga. L. 1995, p. 4123.

"Although appellate courts generally do not construe statutory language that is plain and unequivocal, judicial construction is required when words construed literally would defeat the legislature's purpose." (Footnote omitted.) *Echols v. Thomas*, 265 Ga. 474, 475 (458 SE2d 100) (1995). In construing statutory language courts "must look, where possible, to the original act; the language of the [statute] should be construed as intending to state the previously existing law and not to change it unless such a purpose clearly manifests itself. [Cit.]" *Amica Mut. Ins. Co. v. Bourgault*, 263 Ga. 157, 159 (1) (429 SE2d 908) (1993). Here, there is no evidence that in amending the local act, legislators intended to repeal prior intra-dis-

trict residency requirements. See Ga. L. 1982, p. 4078, § 1 ("[o]ne member shall be appointed from each commissioner district in Henry County"). Rather, the caption to the 1995 amendment to the local act, one source of legislative intent, see *Moore v. Robinson*, 206 Ga. 27 (6) (55 SE2d 711) (1949), indicates that the primary purpose of the amendment was to modify appointment procedures and does not indicate an intent to eliminate long-standing intra-district residency requirements. See Ga. L. 1995, p. 4123. Furthermore, application of the intra-district residency requirement to the local act's successor clause does not create an improper transposition, as Maddox contends, but instead correctly effects that rule of statutory construction which requires courts to construe language in one part of a statute in light of the legislature's intent as found in the statute as a whole. *Echols*, supra at 475. Based on these well-settled principles of statutory construction, we find the trial court properly construed the language of the local act to require Authority members to reside within the commissioner district to which they are appointed to serve.

2. Although Maddox argues that this construction makes subsequent language regarding residency in Henry County mere surplusage, his contention fails because district and county residency requirements operate independently.[4] Accordingly, application of an intra-district residency requirement to appointees has no effect on subsequent provisions concerning other qualifications for office, such as a candidate's age, education, or length of residency within either Georgia or Henry County.

3. Maddox relies upon a 1990 amendment to the local act for the proposition that intra-district residency requirements for Henry County Commissioners have been repealed; therefore, he contends, the local act should be construed to conform Authority membership requirements to those of the county commission. Examination of the 1990 amendment reveals that it repealed intra-district residency requirements for the election of a commission chairman only. See Ga. L. 1990, p. 5232. Prior intra-district residency requirements for commissioners, enacted at Ga. L. 1980, p. 3009, remain intact.

4. Maddox's second enumeration of error regarding his motion to strike a legislator's affidavit has not been preserved for review. *Hamby v. State*, 243 Ga. 339 (4) (253 SE2d 759) (1979).

*Judgment affirmed. All the Justices concur.*

---

[4] For example, a candidate who resided in Henry County for several years before moving into a particular district could serve on the Authority immediately upon moving into that district. However, a candidate moving from another county into that same district would be forced to wait a year before serving on the Authority.

DECIDED NOVEMBER 17, 1997.

*Proctor, Felton & Chambers, Robert J. Proctor,* for appellant.
*Allen W. Bodiford, Martin C. Jones,* for appellee.