**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 25, 2014**

# In the Court of Appeals of Georgia

A14A0613. MOORE v. THE STATE.

MCFADDEN, Judge.

This is an appeal from the denial of a motion to vacate an allegedly void life sentence for armed robbery. But because it was authorized by the controlling statutes, as those statutes have been construed by our Supreme Court, the sentence is not void. We therefore affirm.

In 1987, David Moore was tried before a jury and convicted of armed robbery, aggravated assault, aggravated battery and aggravated assault with intent to rob, based on an incident involving the shooting of an off-duty police officer. The trial court imposed a life sentence for the armed robbery, plus 60 years for the other offenses. This court affirmed the convictions, and the underlying facts are set out

more fully in that prior appeal. See *Moore v. State*, 190 Ga. App. 278 (378 SE2d 880) (1989).

In 2009, Moore filed a pro se motion to vacate a void sentence, arguing that his life sentence for armed robbery was void. The trial court denied that motion, and Moore did not appeal. But three years later, in 2012, he filed a motion for reconsideration and for an out-of-time appeal. The trial court denied the motion for reconsideration but granted the out-of-time-appeal.

Moore acknowledges that OCGA § 16-8-41 (b) has provided, since before his sentencing, that trial courts have discretion to impose life sentences for armed robbery; but he argues that at the time of his sentencing grants of such discretionary authority were prohibited by OCGA § 17-10-1 (a) and that this conflict must be resolved in his favor. OCGA § 16-8-41, a part of Title 16, Crimes and Offenses, criminalizes armed robbery; subsection (b) authorized, at the time of Moore's sentencing in 1987, terms of imprisonment for between five and twenty years or for life, at the discretion of the sentencing judge.[1] OCGA § 17-10-1, a part of Title 17, Criminal Procedure, deals generally with determinative sentences; subsection (a)

---

[1] The current version of the armed robbery statute provides, in pertinent part, for a sentencing range of ten to twenty years or punishment by life imprisonment. OCGA § 16-8-41 (b).

provided, at the time of Moore's sentencing, "Except in cases in which life imprisonment or the death penalty ***must be imposed***… the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years, which shall be within the minimum and maximum prescribed by law as the punishment for the crime."(emphasis added)[2]

Moore also acknowledges that our Supreme Court has twice considered and rejected his argument. *Worley v. State*, 265 Ga. 251, 253 (1) (454 SE2d 461) (1995) (when read in conjunction with OCGA § 17-10-1 (a), the armed robbery statute must be construed as allowing for imposition of either a life sentence or a determinate sentence); *Echols v. Thomas*, 265 Ga. 474, 476 (458 SE2d 100) (1995) (after considering legislative history of OCGA § 17-10-1, "we adhere to our recent holding in *Worley* that the legislature did not intend to restrict a judge's power to impose a life sentence for armed robbery"). He argues that *Worley* and *Echols* were wrongly decided.

Although this Court has initial appellate jurisdiction over this case, Georgia Const., Art. VI, Sec. V, Par. III, we have no authority to accept that argument. "[W]e are [constitutionally] bound by the decisions of the Supreme Court of Georgia and

---

2 In the current version of the statue, the corresponding language is "may be imposed." OCGA § 17-10-1 (a).

have no power to overrule or modify them." *Seymour v. State*, 262 Ga. App. 823, 824 (1) (586 SE2d 713) (2003) (citation omitted). See also Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI; *Nahid v. State*, 276 Ga. App. 687, 688 (3) (624 SE2d 264) (2005). Accordingly, we affirm the trial court's ruling that the life sentence is not void and its denial of the motion to vacate it.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*