# Court of Appeals
# of the State of Georgia

ATLANTA, September 10, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0214. CARLTON SMITH v. THE STATE.**

In 1993, a jury found Carlton Smith guilty of two counts of aggravated sodomy and one count each of kidnapping and robbery. The trial court imposed concurrent sentences of life in prison on the aggravated sodomy counts and concurrent sentences of 20 years in prison on the remaining counts. We affirmed the denial of Smith's motion for a new trial in 1995. *Smith v. State*, Case No. A94A2405 (Mar. 3, 1995).

In 2024, Smith filed a motion to correct/vacate a void sentence, arguing that his life sentences are void because: (i) OCGA §§ 16-6-2 (b) and 17-10-1 required the trial court to impose determinate sentences for specific numbers of months or years for the aggravated sodomy convictions; (ii) the State violated OCGA § 17-10-2 (a) by failing to provide advance notice of its intent to rely on prior convictions to seek recidivist sentencing; and (iii) he is entitled to lesser sentences under the rule of lenity. The trial court denied the motion, and Smith filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. A

direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

The version of OCGA § 16-6-2 in effect when Smith committed the crimes at issue here in March 1992 provided, in relevant part, "A person convicted of the offense of aggravated sodomy shall be punished by imprisonment for life or by imprisonment for not less than one nor more than 20 years." OCGA § 16-6-2 (b) (1968). And the version of OCGA § 17-10-1 in effect at that time provided, in relevant part:

> Except in cases in which life imprisonment or the death penalty must be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years, which shall be within the minimum and maximum prescribed by law as the punishment for the crime. . . .

OCGA § 17-10-1 (a) (1) (1991).

Contrary to Smith's argument, OCGA § 17-10-1 does not require a trial court to impose a determinate sentence where, as here, a sentence of life imprisonment is one of several sentences that may be imposed for the crime of conviction. *Worley v. State*, 265 Ga. 251, 252-253 (1)-(2) (454 SE2d 461) (1995). And because a life sentence was authorized for a violation of OCGA § 16-6-2, whether the State provided proper notice of its intent to seek recidivist punishment has no bearing on whether Smith's sentence for that offense is void. See *Jones*, 278 Ga. at 670; *Brown v. State*, 295 Ga. App. 66, 67-68 (670 SE2d 867) (2008) (sentence is not void if authorized by statute even if defendant was not a recidivist). Finally, the fact that a statute authorizes a trial court to choose between alternative sentences, including a life sentence or one or more terms of years, "does not mean the statute is ambiguous and require the trial court to

utilize the rule of lenity." *Waller v. State*, 365 Ga. App. 693, 697 (3) (a) (879 SE2d 865) (2022).

Because Smith has not raised a colorable void-sentence claim, he is not entitled to a direct appeal, and this appeal is therefore DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  09/10/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.