## A03A0029. HOGAN v. THE STATE.
(582 SE2d 210)

RUFFIN, Presiding Judge.

A jury found Charles Hogan guilty of aggravated assault. On appeal, Hogan argues the trial court improperly charged the jury on aggravated assault. He also contends the indictment charging him with aggravated assault was fatally flawed because it did not allege that he engaged in unlawful conduct. Finally, Hogan claims he was denied effective counsel at trial. Finding no error, we affirm.

Construed to support the verdict,[1] the evidence shows that on September 11, 1999, Christopher Wright and eight of his friends traveled to Athens to a football game. The group, which parked near the stadium, was "tailgating" when Hogan approached them.

Wright perceived that Hogan was considerably intoxicated. Wright testified that he and his group repeatedly asked Hogan to leave when Hogan became belligerent, started using profanity, and began threatening members of the group. Hogan then pulled a box cutter and chased Wright across the road, swinging the box cutter at him. Wright testified that he was afraid Hogan would cut him. Eventually, a bystander threw a rock at Hogan, striking him in the head and rendering him unconscious. Wright then took the box cutter from Hogan, and the police arrived at the scene. Hogan was subsequently indicted for aggravated assault.

1. Hogan alleges the trial court committed error by charging the jury as follows:

> [a]n assault is an attempt to commit a violent injury to the person of another or an act which places another person in reasonable apprehension of immediately receiving a violent injury. A person commits the offense of aggravated assault when that person assaults another person with an object which when used offensively against a person is likely to result in serious bodily injury.

According to Hogan, this instruction allowed the jury to convict him for *attempting* to cut Wright with a box cutter in addition to chasing Wright with the box cutter. We disagree. Hogan requested the instruction on simple assault, and a defendant cannot complain about the giving of an instruction which he requested.[2]

2. Hogan contends that the indictment was fatally flawed because "[i]t did not allege that [he] *unlawfully* assaulted Wright."

---

[1] *Perguson v. State*, 221 Ga. App. 212 (470 SE2d 909) (1996).
[2] See *White v. State*, 244 Ga. App. 475, 477 (2) (536 SE2d 180) (2000); *Frazier v. State*, 240 Ga. App. 398, 399-400 (2) (523 SE2d 614) (1999).

According to Hogan, the indictment merely alleged that the act of chasing Wright with the box cutter placed Wright in fear of receiving a violent injury. He argues that because the indictment does not specify that he attempted to cut Wright, it is defective.

The proper way to challenge either the validity or the form of an indictment is by filing a general or a special demurrer, and Hogan failed to file either.[3]

> A special demurrer raises objections to the form of the indictment, and failure to file such a demurrer waives any challenge to form. A general demurrer, on the other hand, challenges the very validity of the indictment and may be raised at any time. It may not, however, be raised in any proceeding. If a challenge to the validity of an indictment has not been made before the trial court, the proper method for such a challenge is through habeas corpus proceedings.[4]

Even assuming that Hogan properly challenged the indictment, however, we find no fatal defect. If the essential elements of aggravation and intent to assault are excluded from an indictment charging a defendant with aggravated assault, the indictment is fatally flawed.[5] "[T]here can be no conviction for the commission of a crime an essential element of which is not charged in the indictment."[6] Here, the indictment specified that Hogan "assault[ed] Christopher Wright with a box cutter, an object which, when used offensively against a person is likely to result in serious bodily injury . . . [by] chas[ing] Christopher Wright with a box cutter which placed [him] in reasonable apprehension of immediately receiving a violent injury." This language included the essential elements of aggravated assault and sufficiently apprised Hogan of the charges against him.[7]

3. In his final enumeration of error, Hogan asserts that he received ineffective assistance of counsel because his attorney advised him not to testify and failed to have the box cutter tested for fingerprints. We find both assertions equally unavailing.

To prevail on a claim of ineffective assistance, Hogan must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that but for his trial counsel's failure

---

[3] *Moore v. State*, 246 Ga. App. 163, 165 (3) (539 SE2d 851) (2000).

[4] (Footnotes omitted.) Id.

[5] *Pye v. State*, 274 Ga. 839, 841 (4) (561 SE2d 109) (2002).

[6] *O'Brien v. State*, 109 Ga. 51, 52 (35 SE 112) (1900).

[7] See *Fletcher v. State*, 157 Ga. App. 707, 708 (2) (278 SE2d 444) (1981) (true test of sufficiency of an indictment is not whether it could have been made more definite and certain but whether it contains the elements of the offense charged and sufficiently apprises the defendant of the charges against him).

to meet that standard, the jury would have reached a different result.[8] On appeal, we uphold a trial court's finding that the defendant received effective assistance of counsel unless it is clearly erroneous.[9]

Although Hogan's trial attorney could not recall whether she advised Hogan to avoid testifying, she asserted at the hearing on Hogan's motion for new trial that she always allowed her clients to make the decision as to whether to testify. Nevertheless, she conceded that in certain cases, she might recommend that a client not testify. According to Hogan, trial counsel told him testifying was not in his best interest, and the trial court evidently accepted that testimony as true. The trial court concluded that such advice qualified as trial strategy, which does not amount to ineffective assistance.[10] As the trial court's ruling was not clearly erroneous, it provides no basis for reversal.[11]

Similarly, trial counsel's failure to pursue fingerprint testing on the box cutter did not constitute ineffective assistance. Two different witnesses testified that Hogan wielded the box cutter while chasing Wright. Under these circumstances, we find it highly improbable that Hogan was prejudiced by the absence of testing.[12]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED MAY 14, 2003.

*Vicki E. Carter*, for appellant.
*Kenneth W. Mauldin, District Attorney, Julayaun M. Waters, Assistant District Attorney*, for appellee.

---

[8] *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

[9] *Tanner v. State*, 259 Ga. App. 94, 98 (4) (576 SE2d 71) (2003).

[10] See *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205) (1990) (" 'Trial strategy and tactics do not equate with ineffective assistance of counsel.' ").

[11] See *Tanner*, supra at 99.

[12] See *Brantley v. State*, 242 Ga. App. 85, 88 (3) (a) (528 SE2d 264) (2000), rev'd on other grounds, 272 Ga. 892 (536 SE2d 509) (2000).