### A11A1040. GILLESPIE v. THE STATE.
(715 SE2d 832)

PHIPPS, Presiding Judge.

David Gillespie appeals the denial of his motion to vacate void sentence. "A sentence is void if the court imposes punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void[.]"[1] "So long as the sentence imposed is within the statutory limits, we will not disturb it."[2] Because the trial court correctly determined that Gillespie failed to establish that any sentence imposed upon him was void, we affirm.

In connection with a Cobb County incident in July 1993 Gillespie was indicted and found guilty by a jury on charges of armed robbery and multiple counts of aggravated assault. At the sentencing hearing, the state introduced in evidence certified copies of Gillespie's 1988, 1989, and 1991 felony convictions, pointing out additionally that he had been sentenced to prison before. The court expressly noted Gillespie's criminal record, and thereafter, in January 1995, entered a judgment of conviction imposing a life sentence for the armed robbery and 20-year sentences for the aggravated assaults. Gillespie's motion for new trial was denied, and his convictions were affirmed on direct appeal.[3]

In July 2010, proceeding pro se and representing that he was incarcerated in Wilcox State Prison, Abbeville, Gillespie filed in the sentencing court the underlying "Motion To Vacate And Correct A Void And Illegal Sentence, Judgment and Conviction." That court

---

[1] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citations and punctuation omitted).

[2] *Jackson v. State*, 238 Ga. App. 559, 560 (2) (520 SE2d 11) (1999).

[3] *Gillespie v. State*, 218 Ga. App. XXXI (1995) (unpublished opinion, Case No. A95A1129).

denied Gillespie's motion, pertinently stating in its order: "The convictions and sentences in this case are valid and within the limits allowed by law. THEREFORE, Defendant's Motion to Vacate and Correct a Void and Illegal Sentence, Judgment and Convictions is Denied." Gillespie filed the instant direct appeal.

1. Gillespie asserts that, because the trial court did not include in its order further reasoning for denying his motion, the order must be vacated and the case remanded. Gillespie has provided no supporting authority, and we find none. Although Gillespie gleans from the order's summary explanation that the trial court "failed to engage an analysis and rule on" each of his specific challenges, we do not so conclude.[4] Gillespie has established a ground for neither vacatur of the order nor remand of the case.

2. Gillespie contests his life sentence for armed robbery. Contrary to Gillespie's argument, however, there is no conflict between the armed robbery statute's sentencing provision, OCGA § 16-8-41 (b), and cited former versions of the state's general sentencing statute, OCGA § 17-10-1,[5] that would render Gillespie's life sentence void.[6] Moreover, Gillespie has failed to demonstrate either that the trial court erred in considering his prior criminal record introduced in evidence at the sentencing hearing or that the trial court erred in

---

[4] See generally *Westmoreland v. State*, 287 Ga. 688, 696-697 (10) (699 SE2d 13) (2010) (applying presumption of regularity to hold that the trial court discharged its duties properly); *Bridges v. State*, 227 Ga. 24 (2) (178 SE2d 861) (1970) (noting that the presumption is in favor of the regularity and legality of all proceedings in the court below).

[5] Gillespie cites language from that version of OCGA § 17-10-1 (a) (1) enacted by Ga. L. 1993, p. 1654, § 1 (providing in pertinent part, "Except in cases in which life imprisonment, life without parole, or the death penalty may be imposed, . . . the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum prescribed by law as the punishment for the crime"); Gillespie also cites language from that version of OCGA § 17-10-1 (a) (1) enacted by Ga. L. 1992, p. 3221, § 1 (providing in pertinent part, "Except in cases in which life imprisonment or the death penalty must be imposed, . . . the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum prescribed by law as the punishment for the crime").

[6] See *Echols v. Thomas*, 265 Ga. 474 (458 SE2d 100) (1995) (holding that a former version of OCGA § 17-10-1 (a), the state's sentencing statute, did not prevent the imposition of life sentence imposed under OCGA § 16-8-41, the armed robbery statute); *Worley v. State*, 265 Ga. 251, 252-253 (1) (454 SE2d 461) (1995) (holding that the plain meaning of a former version of the sentencing statute, OCGA § 17-10-1 (a), did not prevent a trial court from imposing a sentence of life imprisonment for armed robbery, whether or not the offender was sentenced as a recidivist); *Stovall v. State*, 216 Ga. App. 138, 141-142 (7) (453 SE2d 110) (1995) (affirming the imposition of a life sentence for armed robbery because, even if an ambiguity existed between former OCGA §§ 17-10-1 (a) (1) and 16-8-41 (b), the latter statute, a specific sentencing statute, prevails over the general sentencing statute). See also *Burke v. State*, 274 Ga. App. 402, 404 (2) (618 SE2d 36) (2005) (rejecting challenge to life sentence for rape, authorized by specific sentencing provision of OCGA § 16-6-1 (b), because that specific statutory provision controlled over OCGA § 17-10-1 (a) (1), a sentencing statute of general applicability).

imposing life imprisonment.[7] Because the life sentence for armed robbery was within the statutory limits, we have no basis to disturb it.[8]

3. Gillespie contends that the aggravated assault counts of the indictment were fatally defective because they did not expressly allege the elements of assault.[9] He relies on isolated language in *Hogan v. State*[10] that "[t]here can be no conviction for the commission of a crime an essential element of which is not charged in the indictment."[11]

Notably, Gillespie does not claim that the 20-year sentences fell outside the statutory range of punishment. Indeed, because the substance of Gillespie's contention is properly construed as a challenge to his convictions — rather than to his sentences,[12] it is not properly before us.[13] And given that the 20-year sentences imposed for the aggravated assaults were within the statutory range of

---

[7] On the date the crimes were committed, OCGA § 16-8-41 (b) pertinently provided that a person convicted of armed robbery "shall be punished by . . . imprisonment for life or by imprisonment for not less than five nor more than 20 years." Ga. L. 1985, p. 1037, § 1. See *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999) (in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission).

[8] *Jackson*, supra.

[9] Gillespie points out that the three aggravated assault counts alleged that he "did unlawfully make an assault upon the person of [victim-1, victim-2, and victim-3] with a pistol, a deadly weapon."

[10] 261 Ga. App. 261 (582 SE2d 210) (2003).

[11] Id. at 262 (2) (punctuation and footnote omitted).

[12] See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010) (noting distinction between challenges to convictions and challenges to sentences); *Jones*, supra at 670-671 (sentence is void if it imposes punishment that the law does not allow; post-appeal pleadings filed in sentencing court seeking sentence modification must set forth why sentence is void, i.e., how it imposes punishment the law does not allow; rulings on pleadings asserting erroneous procedure or unfair treatment are not rulings on whether the sentence is void; inasmuch as the assertions contained in appellant's post-appeal motion that sought sentence modification did not allege that the sentences imposed were void as outside the statutory range of punishment, appellant was not entitled to a direct appeal from the trial court's adverse ruling).

[13] See *Harper v. State*, 286 Ga. 216, 217-218 (1), (2) (686 SE2d 786) (2009) (holding that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case" and therefore dismissing appeal because appellant was not entitled to file a motion to vacate his criminal conviction; holding further that to challenge a conviction after it has been affirmed on direct appeal, defendants are required to file an extraordinary motion for new trial, a motion in arrest of judgment, or a petition for habeas corpus); see further *Williams*, supra at 194 (determining that the fundamental nature of appellant's challenge was to the conviction itself – notwithstanding that a determination that the conviction was void would require that the sentence also be set aside; holding that, because the motion to correct illegal sentence or conviction was not an appropriate remedy to attack a conviction in a criminal case, the appeal was subject to dismissal). *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010) (regardless of nomenclature, appellant's motions sought to set aside or vacate his criminal convictions, but because he was not authorized to seek relief from his criminal convictions pursuant to motions to vacate or correct a void conviction, the appeal was subject to dismissal). Cf. *Wiggins v. State*, 288 Ga. 169, 171 (1) (702 SE2d 865) (2010) (where appellant

punishment,[14] we have no basis for disturbing them.[15]
    *Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED AUGUST 17, 2011.

David Gillespie, *pro se.*
    *Patrick H. Head, District Attorney, Samuel K. Barger, John R. Edwards, Assistant District Attorneys*, for appellee.

---

was contending that his sentence was illegal because it was based on an unconstitutional statute, which was a colorable claim that the sentence imposed was void, a direct appeal from the trial court's ruling was authorized) (distinguishing *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004), as "where a convict contended a judgment of conviction was void because of the content of a jury instruction").

[14] OCGA § 16-5-21 (b) (authorizing punishment for aggravated assault as "imprisonment for not less than one nor more than 20 years"); see Ga. L. 1991, p. 971, § 3 (same).

[15] *Jackson*, supra.