# Court of Appeals
# of the State of Georgia

ATLANTA, November 21, 2013

*The Court of Appeals hereby passes the following order:*

**A14A0444.  JEFFERY COTTON v. THE STATE.**

In 2001, Jeffery Cotton pled guilty to trafficking in methamphetamine. In June 2013, Cotton filed a "motion to modify sentence" in which he alleged that he unknowingly pled guilty to a void indictment. The trial court denied the motion on July 23, 2013, and Cotton filed his notice of appeal on October 17, 2013. We lack jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Because Cotton did not file his notice of appeal until 86 days after entry of the order he seeks to appeal, his appeal is untimely.

Even if Cotton had filed a timely notice of appeal, this appeal would be subject to dismissal. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013).

Here, Cotton's challenge to the indictment is a challenge to his conviction rather than to his sentence. See *Gillespie v. State*, 311 Ga. App. 442, 444-445 (3) (715

SE2d 832) (2011). And the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 11/21/2013
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*