# Court of Appeals
# of the State of Georgia

ATLANTA,  October 20, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0022. DAMIAN C. BERNARD v. THE STATE.**

In 2005, Damian C. Bernard was found guilty of armed robbery and sentenced to 20 years. This court affirmed his conviction on direct appeal in an unpublished decision. Case No. A06A2264 (Nov. 28, 2006). In 2010, Bernard filed a "Motion to Correct and Void Sentence," arguing that the indictment was defective. The trial court denied the motion, and we dismissed Bernard's direct appeal, noting that Bernard's arguments did not constitute valid void sentence claims. Case No. A12A1189 (March 21, 2012).

In 2011, Bernard filed a "Motion for Out-of-Time Appeal," arguing that his indictment was flawed and that his appellate counsel was ineffective. The trial court denied the motion, and we dismissed Bernard's direct appeal because he already had a direct appeal from his conviction. Case No. A12A0719 (Oct. 17, 2011). We also denied Bernard's discretionary appeal of this same order. Case No. A12D0055 (Oct. 17, 2011). That same year, Bernard filed a motion (styled "Motion to Dismiss Indictment") arguing that his indictment was void because it had been improperly amended by the State. Bernard then filed another motion (styled "2nd Amend[ed] Motion to Dismiss Indictment") arguing that his trial counsel rendered ineffective assistance by not objecting to the indictment. The trial court denied these motions in a single order, and Bernard appealed. We affirmed the trial court's rulings in an unpublished opinion. Case No. A12A0718 (June 8, 2012).

In 2013, Bernard filed a "Motion to Set Aside Conviction and Sentence" alleging that his indictment was deficient and that the 20 year sentence constituted "cruel and unusual punishment." The trial court denied the motion, and Bernard appealed. We dismissed the appeal, noting that a petition to vacate or modify a conviction is not an appropriate remedy in a criminal case and that Bernard failed to raise a valid void sentence claim. Case No. A13A1943 (June 19, 2013). We noted that Bernard's appeal in that case was his seventh action and that he seeks to re-litigate issues already decided by this Court. Accordingly, we deemed the appeal frivolous and cautioned Bernard against filing additional meritless pleadings.

In 2014, Bernard filed a motion for clarification of sentence, again arguing the injustice of his conviction. The trial court dismissed the motion, and Bernard appealed. We dismissed the appeal, noting that a motion to vacate a conviction is not an appropriate remedy in a criminal case and any appeal from such a motion is subject to dismissal. Case No. A14A1258 (July 25, 2104). In our order, we specifically found the appeal frivolous and again cautioned Bernard against filing frivolous appeals.

At issue before us is the trial court's denial of Bernard's pro se "Motion for Relief from Judgment," wherein Bernard once again argues that his conviction is void and there were errors with his indictment. As we have informed Bernard on numerous occasions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed. See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper,* supra at 217 n. 1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Bernard's arguments, again relating to the validity of his

indictment and conviction, do not constitute valid void sentence claims. See *Gillespie v.* State, 311 Ga. App. 442, 444 (3) (715 SE2d 832) (2011). Because Bernard has not raised a colorable claim that his sentence is void, this appeal is hereby DISMISSED.

In so holding, we note that Bernard has filed numerous appeals with this Court citing the same arguments we have already addressed numerous times. We find that this appeal represents Bernard's third frivolous appeal, and we once again caution Bernard from filing frivolous actions in this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/20/2015
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*