**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. http://www.gaappeals.us/rules**

**May 10, 2017**

# In the Court of Appeals of Georgia

A17A0116. BIHLEAR v. THE STATE.

MCFADDEN, Presiding Judge.

In 2007, Christopher Bihlear was convicted of armed robbery and sentenced as a recidivist to life in prison without parole. He directly appealed from his conviction and we affirmed that judgment in *Bihlear v. State*, 295 Ga. App. 486 (672 SE2d 459) (2009). In 2015, he filed a pro se "Motion to Correct Void Sentence," which the trial court denied. Bihlear now appeals from that ruling, and the state moves to dismiss the appeal. We deny the state's motion to dismiss, because Bihlear has stated a colorable claim for void sentence over which we have appellate jurisdiction and the state has not supported its assertion that a non-lawyer other than Bihlear drafted the motion and filed the notice of appeal. However, we affirm the

judgment because the trial court correctly determined that Bihlear's sentence was not void.

1. *Motion to dismiss appeal.*

The state moves to dismiss Bihlear's appeal on two grounds: because we lack jurisdiction over the appeal, and because a non-lawyer other than Bihlear drafted the motion and filed the appeal. Because neither argument has merit, we deny the state's motion to dismiss.

(a) *Appellate jurisdiction.*

The state argues that we lack jurisdiction over this appeal from the trial court's ruling on Bihlear's "Motion to Correct Void Sentence" because Bihlear did not raise a colorable claim of voidness in that motion. While the denial of a motion to correct a void sentence is directly appealable, "in determining whether a purported motion to correct . . . a void sentence is in fact such a motion, we look to the substance of the motion rather than its nomenclature." *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010) (citations omitted). If an appellant's claims of error do not present a colorable claim of voidness, he is not entitled to a direct appeal from the trial court's denial of his motion to correct a void sentence, even if he characterizes his sentence as "void." Id. at 681; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

"A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991) (citation omitted). "Motions to vacate [or correct] a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute applies." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) (citations omitted).

In his motion, Bihlear claimed that the law did not allow his recidivist sentence of life without parole because the state and the trial court had not satisfied certain statutory prerequisites for such a sentence. While Bihlear's motion is without merit for the reasons described below, it nevertheless presented a colorable claim for a void sentence. See *Dempsey v. State*, 279 Ga. 546, 549 (4) (615 SE2d 522) (2005) (sentence for life without parole is void if not in conformity with statute governing recidivist sentencing); *State v. Willis*, 218 Ga. App. 402, 404 (5) (461 SE2d 576) (1995) (same); see also *Kimbrough v. State*, 300 Ga. 516, 518-520 (3) (796 SE2d 694) (2017) (considering but rejecting on the merits, rather than dismissing, appellant's claim that recidivist sentence of life without parole for murder conviction

3

was void because state did not meet statutory requirement of giving notice of intent to seek death penalty). Consequently, Bihlear was entitled to a direct appeal from the trial court's order denying his motion.

(b) *Involvement of non-lawyer.*

The state argues that we should dismiss Bihlear's appeal because a non-lawyer was involved in drafting his motion and filing his notice of appeal. Assuming without deciding that this would be a ground for dismissal, the appellate record does not support the state's assertion that any such involvement occurred. Bihlear signed both pleadings as a pro se litigant, and the appellate record has not been developed to show that any other person was acting on Bihlear's behalf. We therefore decline to dismiss the appeal on this ground.

2. *Motion to correct void sentence.*

Bihlear argues that the law did not authorize his sentence of life without parole for armed robbery, and thus his sentence was void and the trial court erred in denying his motion to correct void sentence. We disagree.

The trial court imposed Bihlear's sentence for armed robbery pursuant to the recidivist sentencing provisions of OCGA § 17-10-7 (a) and (c). The Code section setting forth the offense of armed robbery, OCGA § 16-8-41, authorizes life

imprisonment as a punishment. See *Lester v. State*, 309 Ga. App. 1, 5 (2) (710 SE2d 161) (2011). And OCGA § 16-8-41 permits a recidivist sentence requiring a person to serve a sentence of life imprisonment without parole. As we explained in *Wynn v. State*, 332 Ga. App. 429, 437 (5) (773 SE2d 393) (2015):

> OCGA § 16-8-41 (b) provides that a person convicted of the offense of armed robbery shall be punished by imprisonment for life or for not less than 10 nor more than 20 years. [And] OCGA § 16-8-41 (d) provides that a person convicted of armed robbery is subject to the recidivist provisions of OCGA §§ 17-10-6.1 and 17-10-7. OCGA § 17-10-7 (a) provides that, upon a second felony conviction, a person shall be sentenced to the longest period of time prescribed for punishment of the second offense, although the sentencing court may probate or suspend the maximum sentence. Under OCGA § 17-10-7 (c), upon a fourth felony conviction, a person must serve the maximum time sentenced "and shall not be eligible for parole until the maximum sentence has been served."

For the purpose of this appeal, the versions of these statutes in effect at the time of Bihlear's 2007 conviction are not meaningfully different than the versions in effect today. Although in 2007 former OCGA § 17-10-7 (c) did not apply to sentencing for a capital felony, an exception that the General Assembly removed from that statute in 2010, see *Kimbrough*, supra, 300 Ga. at 517 (2) n. 2, armed robbery is not

considered a capital felony for the purpose of recidivist sentencing under former OCGA § 17-10-7 (c). *Dempsey*, supra, 279 Ga. at 549 (4).

Bihlear does not dispute that he had three prior felony convictions. These prior convictions supported the sentence of life without parole imposed by the trial court under OCGA § 17-10-7 (a) and (c). Consequently, Bihlear's sentence did not "exceed[ ] the most severe punishment for which the applicable penal statute provides." *von Thomas*, supra, 293 Ga. at 572 (2) (citations omitted); see *Wynn*, supra at 437 (5).

Bihlear argues that the law does not allow his sentence of life without parole because the state did not give notice of its intent to seek the death penalty, citing *State v. Ingram*, 266 Ga. 324 (467 SE2d 523) (1996), and its progeny, and because the trial court did not follow certain statutory procedures for involving the jury in sentencing in a death penalty case. Our Supreme Court rejected these arguments in *Kimbrough v. State*, supra, 300 Ga. at 520 (3), in connection with sentencing for a murder conviction. These arguments also fail because they rest on the erroneous premise that the death penalty was a possible sentence for his armed robbery conviction. Despite statutory language providing that a person convicted of armed robbery may be punished by death, see OCGA § 16-8-41 (b), our Supreme Court "has held that armed

6

robbery alone does not warrant the death penalty" and that the death penalty may not be imposed for that offense. *Collins v. State*, 239 Ga. 400, 402 (2) (236 SE2d 759) (1977) (citation omitted). Consequently, there is no merit to Bihlear's arguments that the law did not allow a sentence for life without parole for his armed robbery conviction because the state or the trial court failed to follow procedures required for a death penalty case.

*Judgment affirmed. Branch and Bethel, JJ., concur*.