**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 1, 2017**

# In the Court of Appeals of Georgia

A17A0166. WALKER v. THE STATE.

BETHEL, Judge.

Anthony Walker, pro se, appeals the denial of his motion to correct an illegal and/or void sentence. Walker contends that the imposed sentence of life with parole is void because the trial court did not use its discretion when sentencing him, and the sentence itself is indeterminate. We agree with the trial court that Walker's allegations are without merit and affirm.

In June 1991, Walker was sentenced to life with parole following his armed robbery conviction. He appealed, and this Court affirmed his conviction in May 1992.[1] In June 2016, Walker filed a post-conviction motion to void his sentence and

---

[1] *Walker v. State,* 204 Ga. App. 269, 269 (419 SE2d 542) (1992).

asked the trial court to conduct a re-sentencing hearing. The trial court denied the motion because the sentence imposed was allowed by law, and this appeal followed.

1. Walker contends the trial court erred because it did not use its discretion to sentence him to less time, and because it relied on the State's argument that his criminal record constituted aggravating circumstances, resulting in severe punishment. We disagree.

OCGA § 16-8-41 (b)[2] as it existed on March 6, 1991—the date the crime was committed—provided that "[a] person convicted of the offense of armed robbery shall be punished by death or *imprisonment for life* or by imprisonment for not less than five nor more than 20 years." (emphasis supplied). Life with parole was a valid sentence which fell within the statutory range of punishment for armed robbery, and required no aggravating circumstances in order to be imposed. Further, Walker's contention that the trial court confused the terms "aggravation" with "recidivism" is without support.[3] "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence. . . are not a

---

[2] See Ga. L. 1985, p. 1036, § 1.

[3] The transcript of the pre-sentencing hearing was not included in the record on appeal.

means for. . . sentence modification." *Jones v. State,* 278 Ga. 669, 670 (604 SE2d 483) (2004) (citations and punctuation omitted). "So long as the sentence imposed is within the statutory limits, we will not disturb it." *Gillespie v. State*, 311 Ga. App. 442, 442 (715 SE2d 832) (2011) (citations omitted).

2. Walker further contends that under OCGA § 17-10-1 the sentence of life with parole is void because it is an indeterminate punishment. Under Georgia law, "[a] sentence is void if the court imposes punishment that the law does not allow." *Jones ,* 278 Ga. at 670 (citations and punctuation omitted). This means that in support of his motion, Walker was required to demonstrate that the sentence of life with parole is a punishment not allowed by law. *Burg v. State,* 297 Ga. App. 118, 118-19 (676 SE2d 465) (2009). Walker alleges that the trial court erred because it was required to prescribe with specificity the maximum time he was to serve and failed to do so. We disagree.

In support of his argument, Walker focuses on the language of OCGA § 17–10–1(a) (1) as it existed on March 6, 1991, which provided in part that "[e]xcept in cases in which life imprisonment or the death penalty *must* be imposed . . . the judge fixing the sentence shall prescribe a *determinate sentence for a specific number of months or years. . . .*" (emphasis supplied). However, Walker fails to recognize that

OCGA § 16-8-41 (b) was also in effect and applicable at the same time and allowed for a sentence of life imprisonment, or a sentence from five to twenty years for armed robbery. Even if we concede that reading OCGA § 16–8–41 (b) and OCGA § 17–10–1 (a) (1) together, as they existed at the time, creates an ambiguity, in resolving any ambiguity we look to the more specific code section and agree with the trial court that Walker's sentence is legitimate. *See Stovall v. State*, 216 Ga. App. 138, 141 (7) (453 SE2d 110) (1995).

In addressing the scope of their applicability, OCGA § 17–10–1 (a) (1) is a general sentencing statute while OCGA § 16–8–41 (b) establishes the range of sentences authorized specifically for the crime of armed robbery.[4] Because the specific statute prevails over the general statute, absent any indication of a contrary legislative intent, a sentence of life with parole is a lawful sentence. *Burke v. State*, 274 Ga. App. 402, 404–05 (618 SE2d 36) (2005) (citations omitted). Accordingly, Walker's sentence for armed robbery is not void as a matter of law, and this Court has no basis to disturb the sentence on appeal.

*Judgment affirmed. McFadden, P. J., and Branch, J., concur.*

---

[4] *Stovall,* 216 Ga. App. at 141 (7). ("OCGA § 16–8–41(b) creates a sentencing scheme specifically for the offense of armed robbery, whereas the former (as well as the now amended) OCGA § 17–10–1(a)(1) related to sentencing generally.").