**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 2, 2019**

# In the Court of Appeals of Georgia

A19A1125. ONEILL v. THE STATE.                              PH-037C

PHIPPS, Senior Appellate Judge.

Constantine L. Oneill filed this pro se appeal from the trial court's November 28, 2018, partial denial of his motion to vacate a void sentence and to withdraw his guilty plea as a matter of right. Because we conclude that Oneill does not have the right to file a direct appeal from the trial court's action, we dismiss this appeal.

On October 27, 2014, Oneill entered a plea of guilty to charges of trafficking methamphetamine (Count 1), possession of a firearm during the commission of a felony (Count 4), and possession of a firearm by a first-offender probationer (Count 5). He was sentenced to 20 years on Count 1, with 10 to serve and 10 on probation; five years on probation for Count 4 consecutive to Count 1; and five years on probation for Count 5, consecutive to Count 4. Charges of manufacturing

methamphetamine (Count 2) and sexual exploitation of children (Count 3) were merged with Count 1.

In September 2018, Oneill filed a pro se "Motion to Vacate a Void Sentence that is Unauthorized by Law/Motion to withdraw Guilty Plea as a Matter of Right," alleging that all of his sentences were void. The trial court found that Count 3 should have been dismissed, rather than merged, under the terms of Oneill's plea agreement with the State, and issued a corrected final disposition nolle prossing Count 3. The trial court found that the rest of Oneill's sentences were not void, and denied the remainder of Oneill's motion. He filed the instant appeal.

While the denial of a motion to correct a void sentence is directly appealable, "in determining whether a purported motion to correct a void sentence is in fact such a motion, we look to the substance of the motion rather than its nomenclature." (Citation and punctuation omitted.) *Bihlear v. State*, 341 Ga. App. 364, 365 (1) (a) (801 SE2d 68) (2017). If the appellant's claims of error fail to "present a colorable claim of voidness, he is not entitled to a direct appeal from the trial court's denial of his motion to correct a void sentence, even if he characterizes his sentence as 'void.'" Id. "[A] sentence is void if the court imposes a punishment that the law does not allow." (Citation and punctuation omitted.) *von Thomas v. State*, 293 Ga. 569, 571

2

(2) (748 SE2d 446) (2013). In general, such motions are limited to claims that the sentence is not legally authorized, "typically because it exceeds the most severe punishment for which the applicable penal statute provides." (Citations omitted.) Id. at 572 (2).

Oneill argues that his sentence for Count 1, trafficking methamphetamine, is void because he was indicted for manufacturing less than 200 grams of a mixture containing methamphetamine on November 16, 2012, in violation of OCGA § 16-13-31 (f). The applicable version of OCGA § 16-13-31[1] provided a "mandatory minimum term of imprisonment of ten years[.]" OCGA § 16-13-31 (f) (1). Further, OCGA § 16-13-31 (h) provided that "[a]ny person who violates any provision of the Code section shall be punished as provided for in the applicable mandatory minimum punishment and for not more than 30 years of imprisonment[.]" Oneill's 20-year sentence on Count 1, with 10 years to serve in prison and 10 years to serve on probation, was within the minimum and maximum sentences prescribed by law and was not void. *Baez v. State*, 257 Ga. App. 129, 130 (570 SE2d 352) (2002).

Oneill also argues that the Count 1 trafficking sentence was void because he should have been sentenced under a different statute. He contends that the Georgia

---

[1] See OCGA § 16-13-31, Laws 2012, Act 709, § 3-8, eff. July 1, 2012.

3

Bureau of Investigation crime lab report says the methamphetamine sample weight was less than one gram, and that he thus "should have been sentenced under OCGA § 16-13-30 (a) (1)." As an initial matter, Oneill was not indicted under OCGA § 16-13-30. Further, the applicable version of OCGA § 16-13-30, see Laws 2012, Act 709, § 3-7A, eff. July 1, 2012, does not contain an "(a) (1)[,]" nor does it contain the statutory language to which Oneill refers. While the *current version* of OCGA § 16-13-30 (c) (1), which became effective five years after the crime at issue, in 2017, provides that if the aggregate weight of a controlled substance or any mixture is less than one gram, imprisonment shall be not less than one nor more than three years, this version of the Code is inapplicable to Oneill. "[A] crime is to be punished according to the provisions of the law existing at the time of its commission." (Citation, punctuation, and footnote omitted.) *Brown v. State*, 295 Ga. App. 66, 68 (670 SE2d 867) (2008). The Code section under which Oneill was charged and sentenced, OCGA § 16-13-31 (f), "does not require that a defendant be in possession of a specific amount of methamphetamine[.]" *Wesson v. State*, 279 Ga. App. 428, 431 (1) (631 SE2d 451) (2006). The sentence was not void.

Oneill also argues that the merger of Count 2, for manufacturing methamphetamine, into Count 1, for trafficking methamphetamine, and the resulting

4

sentence is void because the trial court's order refers to his "cooking [up] a batch of methamphetamine[,]" and because the trial court "failed to prescribe a determinate sentence" under OCGA § 17-10-1 (a) (1) for the manufacturing methamphetamine count. The trial court did not give Oneill a "determinate sentence" on the manufacturing methamphetamine count alone because it merged that count into the trafficking methamphetamine count. See *Richards v. State*, 290 Ga. App. 360, 362 (2) (659 SE2d 651) (2005) (where a defendant is found guilty of trafficking and manufacturing methamphetamine, and both crimes are proven with the same facts, a defendant may properly be sentenced for the greater offense). Again, the sentence was not void.

Oneill's final contention does not assert that his sentence is void, but rather argues that the trial court erred when it dismissed Count 3, the sexual exploitation of children count. Oneill argues that the trial court erred when it issued a new final disposition "nunc pro tunc" without bringing him back to court to "re-pronounce [the] sentence," and that the trial court failed to make a verbatim record pursuant to Uniform Superior Court Rule 33.11 (requiring a verbatim record of proceedings at which a defendant *enters* a guilty plea). Oneill argues that he thus is entitled to withdraw his guilty plea and enter a plea of not guilty. He does not argue that his

5

guilty plea was not freely, voluntarily, or knowingly entered. "Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations." (Citation omitted.) *Jones v. State*, 278 Ga. 669, 671 (604 SE2d 483) (2004).

Because the assertions in Oneill's appeal do not state a colorable claim that his sentence is void, *Bihlear*, 341 Ga. App. at 365 (1) (a), he is not entitled to a direct appeal from the trial court's adverse ruling. Accordingly, this appeal is dismissed.

*Appeal dismissed. McFadden, C. J., and McMillian, P. J., concur*.