**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 21, 2023**

# In the Court of Appeals of Georgia

A23A0220. WILLIAMS v. THE STATE.

MARKLE, Judge.

Kelvin Williams appeals from the trial court's dismissal of his motion to vacate void sentence, arguing that he was improperly sentenced as a recidivist without notice of any such enhancement. Although the trial court properly determined that the sentence imposed was not void, it should have denied the motion rather than dismiss it. Accordingly, we vacate the trial court's order, and remand the case with instruction to deny the motion.

Following a jury trial in 2003, Williams was convicted of armed robbery, multiple counts of aggravated assault, and kidnapping. He was originally sentenced to life imprisonment for armed robbery; a consecutive 20-year term of imprisonment for the aggravated assaults; and life imprisonment for kidnapping with bodily injury.

On direct appeal, this Court reversed the kidnapping conviction, but otherwise affirmed the remaining convictions and sentences. See *Harper v. State*, 300 Ga. App. 757, 767-768 (11) (686 SE2d 375) (2009).

In 2013, Williams filed a pro se motion to vacate void sentence, arguing that his sentences should have merged; the trial court improperly relied on prior convictions to enhance his sentence because the State failed to provide sufficient notice; and the convictions identified in the notice were not his. The trial court denied the motion.

In 2016, Williams filed another pro se motion to vacate void sentence, arguing that his convictions merged. The trial court again denied the motion, and this Court dismissed the appeal because the sentence was not void.

With the assistance of counsel, Williams filed the instant motion to vacate void sentence in 2022, again raising his claim that the State failed to provide sufficient notice of its intent to rely on prior convictions to increase his sentence, and that the convictions upon which the enhancement was based were not his. He contended that, had he been given time to investigate the criminal history, he would not have been sentenced as a recidivist. He further claimed he likely would have received a lesser sentence — like that of his co-defendant who had no criminal history — but for the

2

mistaken reliance on those prior convictions. In support, he submitted excerpts of the sentencing hearing at which one of his co-defendants received a lesser sentence. Following a hearing, the trial court dismissed the motion, finding that it lacked jurisdiction because Williams had been sentenced within the statutory maximum sentence, and thus, the sentence was not void.

Williams now appeals, arguing that the trial court erred by dismissing his motion to vacate his void sentence because he could not have been sentenced as a recidivist due to the State's failure to provide proper notice. He notes that trial counsel did not have sufficient time to review the prior convictions. We conclude that Williams has not shown his sentence was void.

When a sentencing court imposes a sentence of imprisonment, its jurisdiction to later modify or vacate the sentence is generally limited to one year following the imposition of the sentence. OCGA § 17-10-1 (f); *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013); *Bryant v. State*, 363 Ga. App. 349, 351 (1) (870 SE2d 33) (2022). Outside that one-year time period, we may consider a direct appeal from the denial of a motion to vacate a void sentence only where there is a colorable claim that the sentence is void. *Munye v. State*, 342 Ga. App. 680, 685 (1) (b) (803 SE2d 775) (2017); see also *Rutledge v. State*, 360 Ga. App. 824, 830 (2) (861 SE2d 793)

(2021) (if a sentence is void, the trial court may vacate it at any time). "A sentence is void if the court imposes punishment that the law does not allow." (Citation and punctuation omitted.) *von Thomas*, 293 Ga. at 571 (2); *State v. McCauley*, 353 Ga. App. 94, 98, n.3 (834 SE2d 567) (2019).

Here, Williams presents a colorable void sentence claim based on his contention that he was improperly sentenced as a recidivist because the convictions on which the State relied were not his. See *Kipple v. State*, 329 Ga. App. 94 (763 SE2d 752) (2014) (claim that defendant was sentenced under wrong recidivist provision was colorable void sentence claim); see also *von Thomas*, 293 Ga. at 572 (2) ("The existence and validity of three prior felony convictions are necessary predicates to the imposition of a recidivist sentence[.]"). Thus, the trial court had jurisdiction to review Williams's claim, and this appeal is properly before us. See, e.g., *Bihlear v. State*, 341 Ga. App. 364, 365 (1) (a), 366 (2) (801 SE2d 68) (2017) (trial court denied colorable void sentence claim on the merits).

To begin, we find no merit to Williams's claim that his counsel did not waive the alleged lack of notice. The excerpts Williams submitted show that trial counsel did not object to the lack of notice or to the use of those alleged prior convictions. Instead, counsel stated, "I understand and accept the fact that the State just received

4

this document by fax from Chicago. I can't really tell what it says. And I'd like a copy at some point in the future so I can try to figure out what it is." Because counsel did not object, the claim based on lack of notice is waived. See *von Thomas*, 293 Ga. at 573-574 (2); *Sambou v. State*, 358 Ga. App. 645, 652 (2) (854 SE2d 392) (2021).

In contrast, a claim that there is error with regard to the existence of prior convictions used for recidivist sentencing is not waivable. *Sambou*, 358 Ga. App. at 652 (2). We thus consider whether Williams can establish a void sentence claim on this basis.

As we have explained, a sentence that falls within the statutory range of punishment is not void. *Spargo v. State*, 332 Ga. App. 410, 411 (773 SE2d 35) (2015). The sentencing range for armed robbery includes life imprisonment. OCGA § 16-8-41 (b); see also *Echols v. Thomas*, 265 Ga. 474, 475 (458 SE2d 100) (1995) (sentence of life imprisonment for armed robbery is authorized even in cases in which defendant is not sentenced as a recidivist). A defendant convicted of aggravated assault may be sentenced to no more than 20 years. OCGA § 16-5-21 (b). Thus, Williams's sentences of life imprisonment for armed robbery and 20 years' imprisonment for aggravated assault were within the statutory range and are not void. See OCGA §§ 16-5-21 (b); 16-8-41 (b); *Gillespie v. State*, 311 Ga. App. 442, 444 (3)

(715 SE2d 832) (2011) (20-year sentence for aggravated assault was within statutory range).

Moreover, the trial court was authorized to impose a life sentence for armed robbery regardless of whether Williams was subject to any recidivist enhancement. OCGA § 16-8-41 (b); *Kinsey v. State*, 259 Ga. App. 653 (1) (578 SE2d 269) (2003); see also *Marshall v. State*, 309 Ga. 698, 704 (3) (848 SE2d 389) (2020) ("where the trial court was permitted by other statutes to impose the sentences that it did, even if the trial court labored under the mistaken impression that Marshall was not eligible for parole. . . , that would amount to a mistake of law but would not result in a void sentence.") (citations and punctuation omitted); *Walker v. State*, 341 Ga. App. 515, 515-516 (1) (802 SE2d 1) (2017) (sentence of life imprisonment for armed robbery was lawful sentence regardless of any enhancement); *Reynolds v. State*, 272 Ga. App. 91, 94 (2) (611 SE2d 750) (2005) (trial court's mistake about sentencing range did not render sentence void where defendant was nevertheless sentenced within the statutory maximum); *Kinsey*, 259 Ga. App. at 653 (1) ("Because a life sentence is authorized for armed robbery without regard to recidivism, it is not 'a sentence the law does not allow,' and cannot be challenged . . . as a void sentence.") (citation omitted).

For the foregoing reasons, Williams cannot show that his sentence is void. Nevertheless, because the trial court had jurisdiction to review the merits of the void sentence claim, it should have denied the motion rather than dismissed it. See *Bryant v. State*, 363 Ga. App. 349, 352 (1) (870 SE2d 33) (2022); see also *Kimbrough v. State*, 300 Ga. 516, 620 (3) (796 SE2d 694) (2017) (denying void sentence claim on the merits instead of dismissing it); *Bihlear*, 341 Ga. App. at 365 (1) (a). We therefore vacate the trial court's order and remand the case with instructions to deny the motion.

*Judgment vacated, and case remanded with direction. McFadden, P. J., and Brown, J., concur*.