# Court of Appeals
# of the State of Georgia

ATLANTA,  July 17, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1034. MCCRANIE v. THE STATE.**

In 2009, Randall McCranie pled guilty to one count of felony theft by deception. The trial court sentenced McCranie to serve eight years on probation and ordered him to pay restitution in the amount of $1,395.18. In 2022, McCranie filed a motion to vacate his sentence as void. The trial court dismissed his motion for lack of subject matter jurisdiction, and McCranie appeals from that order.

Although the denial or dismissal of a motion to vacate a void sentence is directly appealable, if an appellant's claims of error do not present a colorable claim of voidness, "he is not entitled to a direct appeal from the trial court's denial of his motion to correct a void sentence, even if he characterizes his sentence as 'void.'" *Bihlear v. State*, 341 Ga. App. 364, 365 (1) (a) (801 SE2d 68) (2017). A sentence is void if the court imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 610 (1) (409 SE2d 517) (1991). Motions to vacate a void sentence generally are limited to claims that the sentence is not legally authorized, "typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

The sentence imposed in this case fell within the statutory range of punishment at the time it was issued. See former OCGA § 16-8-12 (a) (1) (A person convicted of theft by deception (OCGA § 16-8-3) shall be punished as for a misdemeanor except "[i]f the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor"); *McCullum v. State*, 365 Ga. App. 310, 312 (878 SE2d 260) (2022) ("a crime is to be punished according to the provisions of the law

existing at the time of its commission") (citation and punctuation omitted). Although McCranie contends that he should have been charged with multiple misdemeanor counts instead of one felony count, he was sentenced on the offense to which he pled guilty, and that sentence was within the statutory range of punishment. Thus, the sentence was not void. See *Oneill v. State*, 352 Ga. App. 103, 104 (834 SE2d 111) (2019) (sentence within the minimum and maximum sentences prescribed by law was not void).

Because McCranie has failed to present a colorable claim that his sentence is void, the trial court properly dismissed his appeal for lack of jurisdiction, and he is not entitled to a direct appeal from the trial court's ruling. See *von Thomas v. State*, 293 Ga. at 575 (3); *Oneill*, 352 Ga. App. at 106. Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
　　　Clerk's Office, Atlanta,　07/17/2023　
　　　I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
　　　Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.