A01A0467. SIMPSON et al. v. SOUTHWIRE COMPANY.
(548 SE2d 660)

ELDRIDGE, Judge.

In 1993, plaintiffs Joey Simpson and his wife, Jeannette, filed a complaint for damages against the defendants, Transus, Inc., a Georgia corporation, and its insurer, Protective Insurance Company, an Indiana corporation, for personal injuries he sustained in a truck collision and her loss of consortium. Mr. Simpson's employer at the time of the accident, appellee-plaintiff Southwire Company intervened seeking to protect and enforce its subrogation lien under OCGA § 34-9-11.1 (b) and to recover for property damage to its truck. Transus counterclaimed. Mr. Simpson's estate was substituted as a plaintiff upon his death in June 1997, and the case was set for trial in January 1998. As the trial was about to begin, the case settled in the amount of $300,000. Pursuant to a contingency agreement, the attorney fees due the Simpsons' attorneys on the settlement were $100,000. In May 1998, Southwire filed its application for apportionment and award of attorney fees under OCGA § 34-9-11.1 (d) of the workers' compensation statute, seeking to recover a reasonable portion of the attorney fees on the settlement ($100,000) for its efforts in support of the underlying action.

Appellant-plaintiff Jeannette Simpson, individually and as executrix of the estate of Joey Simpson ("Simpsons"), appeals from the state court's order apportioning attorney fees generated pursuant to the settlement, awarding counsel for Southwire attorney fees of $12,000. The Simpsons contend that the state court erred in appor-

tioning attorney fees under OCGA § 34-9-11.1 (d) in that OCGA § 34-9-11.1 read as a whole does not permit an apportionment of attorney fees in the absence of the employer's recovery on its subrogation lien after the injured employee has been fully and completely compensated. In the alternative, the Simpsons contend that any apportionment of attorney fees under OCGA § 34-9-11.1 (d) should extend to all attorney fees earned, i.e., not only to those earned on her third-party tortfeasor claim, but to those earned incident to Southwire's failed attempt to recover the employer's subrogation lien. Finding the Simpsons' principal claim of error to be meritorious upon the plain meaning of OCGA § 34-9-11.1, we reverse.

1. The cardinal rule of statutory construction is to give effect to the purpose and intent of the legislature. See *Thornton v. Clarke County School Dist.*, 270 Ga. 633, 634 (1) (514 SE2d 11) (1999). Moreover, " '[t]he construction (of statutes) must square with common sense and sound reasoning.' [Cit.]" *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (7) (a) (i) (418 SE2d 367) (1992).

OCGA § 34-9-11.1 (d) provides:

> In the event of a recovery from such other person by the injured employee or those to whom such employee's right of action survives by judgment, . . . or otherwise, the attorney representing such injured employee or those to whom such employee's right of action survives shall be entitled to a reasonable fee for services; provided, however, that *if the employer or insurer has engaged another attorney to represent the employer or insurer in effecting recovery against such other person, then a court of competent jurisdiction shall upon application apportion the reasonable attorney fee between the attorney for the injured employee and the attorney for the employer or insurer in proportion to services rendered.*

(Emphasis supplied.) On its face, this subsection provides that attorney fees shall be apportioned upon satisfaction of three criteria.

First, the employee (or those to whom such employee's right of action survives) must recover from the third-party tortfeasor both plaintiff's damages and lien damages, i.e., lost earnings and medical expenses. OCGA § 34-9-11.1 (b). Southwire argues that there is no requirement that there first be recovery of the subrogation lien of the employer or the employer's insurer or that the employee's recovery be full and complete. However, by its own terms, OCGA § 34-9-11.1 (b) makes clear that there is no recovery for the employer or the employer's insurer under OCGA § 34-9-11.1 as a whole apart from such subrogation lien as may lie after the payment of full and fair

compensation to the injured employee. OCGA § 34-9-11.1 (b) pertinently provides that

> the employer's or the insurer's recovery *under this Code section shall be limited to the . . . amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated,* taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

(Emphasis supplied.) Second, the employer or the employer's insurer must have engaged another attorney to pursue its authorized recovery. And third, an application for apportionment of attorney fees attributable to such recovery must be filed.

"Language in one part of the statute must be construed in light of the legislature's intent as found in the whole statute." *Echols v. Thomas,* 265 Ga. 474, 475 (458 SE2d 100) (1995), citing *Bd. of Trustees &c. of Atlanta v. Christy,* 246 Ga. 553, 554 (272 SE2d 288) (1980). Therefore, it would defy common sense and logic to interpret OCGA § 34-9-11.1 (d) as authorizing the employer or the employer's insurer to hire an attorney to seek a recovery other than the limited recovery authorized by subsection (b). It likewise would ignore the self-evident to interpret OCGA § 34-9-11.1 (d) as authorizing the apportionment of attorney fees to the employer or employer's insurer not attributable to effecting the limited lien share recovery authorized under subsection (b). To do so would be to put the legislature in the untenable position of having an interest in the private employment contract negotiated between the injured employee and his or her attorney. It would also give OCGA § 34-9-11.1 (d) a construction in conflict with the legislature's intent as found in construing the statute as a whole, i.e., such a construction would allow the employer or employer's insurer a recovery apart from its lien damages in violation of the full and fair compensation rule by requiring the injured employee to bear the legal expense of the employer or the employer's insurer. In general, "an insurer may not obtain reimbursement unless and until its insured has been completely compensated for his losses."[1] *Duncan v.*

---

[1] This rule arises upon the rationale that
[w]here the insurer or the insured must go unpaid to some extent, the loss should be borne by the insurer, since the insurer has already paid a premium for assuming this risk and would have been obligated to pay medical expenses regardless of its insured's negligence and regardless of whether a culpable third party could have been found.
*Duncan v. Integon Gen. Ins. Corp.,* 267 Ga. 646, 647 (482 SE2d 325) (1997).

*Integon Gen. Ins. Corp.*, 267 Ga. 646, 647 (482 SE2d 325) (1997).

It is undisputed that Southwire did not file its application for apportionment and award of attorney fees under OCGA § 34-9-11.1 (d) upon its subrogation lien or upon the claim that the injured employee was fully and completely compensated. Rather, Southwire sought to recover a reasonable portion of the attorney fees earned by the Simpsons' attorneys upon the settlement of *their* third-party claim. That the state court nonetheless apportioned attorney fees earned on the settlement conferred a recovery on Southwire beyond its lien and at the Simpsons' expense. Error requiring reversal resulted because this allowed Southwire a recovery beyond its limited entitlement to recovery under OCGA § 34-9-11.1. See OCGA § 34-9-11.1 (b). " '[W]here a . . . statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms.' " (Citations omitted.) *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981); see also *Dept. of Public Safety v. Schueman*, 243 Ga. App. 369, 372-373 (532 SE2d 487) (2000) (gleaning legislative intent best accomplished by following literal language of statute unless contradiction, absurdity, or inconvenience results making a different statutory meaning obvious).

2. In light of our disposition of Division 1, we need not address the claim of error the Simpsons make in the alternative.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 27, 2001

*Smith, Wallis & Scott, Kenneth A. Smith, James W. Wallis, Jr., Christopher B. Scott*, for appellants.

*Smith, Gambrell & Russell, James H. Bratton, Jr., Thomas M. Barton, Edward D. Burch, Jr., Dena Klopfenstein*, for appellee.

*O'Neal, Brown & Clark, John C. Clark, Jarome E. Gautreaux, Clifford C. Perkins, Jr.*, amici curiae.