[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10044

_____

D.C. Docket No. 3:16-cv-00055-CDL


GEORGIA DEPARTMENT OF ADMINISTRATIVE SERVICES,

                                        Plaintiff/Intervenor-Appellant,

                        versus

YANZHUO ZHANG,
GUOQIANG WU, individual and as natural parents and next friends of their minor
child,

                                        Plaintiffs-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 25, 2020)

Before WILSON and BRANCH, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

---

[*] The Honorable Jane A. Restani, United States Judge for the U.S. Court of International Trade,
sitting by designation.

The Georgia Department of Administrative Services ("DOAS"), Appellant and Plaintiff-Intervenor below, appeals from the district court's post-dismissal order apportioning an award of statutory attorneys' fees between DOAS's special counsel and counsel for Yanzhuo Zhang ("Zhang") and Guoqiang Wu ("Wu"), Appellees and Plaintiffs below (collectively, the "Appellees"). The district court concluded that Appellees' settlement of their claims against Defendants (the "Tortfeasors")[1] caused DOAS to recover fully on its statutory subrogation lien. The district court apportioned 75 percent of the total attorneys' fee award to Appellees' counsel and 25 percent of the same to DOAS's special counsel. We affirm.[2]

I

A

While and within the scope of her employment, Zhang was involved in a serious motor vehicle accident that resulted in a bilateral below-the-knee amputation and the loss of her pregnancy. Her employer, the State of Georgia, through DOAS, paid medical and indemnity benefits to Zhang totaling $598,325.48. Appellees sued Tortfeasors to recover damages resulting from that accident. Through privately-retained, "special counsel," DOAS timely intervened to assert a subrogation lien

---

[1] Tortfeasors are not parties to this appeal.

[2] An order disposing of all parties' post-dismissal motions for attorneys' fees is a final, appealable order pursuant to 28 U.S.C. § 1291. *See, e.g.*, *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (citation omitted).

against Appellees' recovery for past medical expenses, as contemplated by the Georgia Workers' Compensation Act ("GWCA"). *See* O.C.G.A. § 34-9-11.1(b). The district court identified DOAS as a Plaintiff and ordered Appellees not to "do anything at trial to prejudice DOAS's lien," but permitted Appellees to "raise objections and present evidence disputing the validity or extent of DOAS's claim, outside the jury's presence."

For over two years, Appellees' counsel propounded and responded to 42 written lay and expert discovery requests, conducted 32 depositions of lay and expert witnesses, and engaged in dispositive motions practice. By contrast, DOAS's special counsel's efforts were limited to filing a motion to intervene, appearing at a pre-trial conference and at a few depositions conducted by Appellees' counsel, and attending a one-day mediation. Accordingly, the district court found that Appellees' counsel's efforts resulted in DOAS's lien recovery.

B

At a pre-trial conference, Tortfeasors admitted liability for negligence. Nevertheless, Tortfeasors sought to limit Appellees' recovery for Zhang's medical expenses to the amount that DOAS's workers' compensation plan actually paid to Zhang. In Appellees' view, if the sum of Zhang's reasonable and necessary medical expenses were limited to the amount of DOAS's lien, then DOAS and the Tortfeasors should be able to settle outside the court. Accordingly, they announced

3

that they "would not pursue a claim for medical expenses on behalf of the plaintiff at trial." DOAS agreed to "make a good faith effort to settle the lien" before trial so long as its lien interest was protected. The district court noted that Appellees' decision not to seek the fair market value of Zhang's past medical expenses at trial did not, and could not, as a matter of law, extinguish DOAS's lien interest. Appellees agreed that they would not "contest being made whole" upon resolving their claims against Tortfeasors or upon securing a favorable jury verdict. DOAS agreed that without this concession from Appellees, DOAS would not have been assured of preserving its lien interest. *See* O.C.G.A. § 34-9-11.1(b) (the statutory lien "shall only be recoverable if the injured employee has been fully and completely compensated.").

C

On the eve of trial, Tortfeasors directly paid DOAS $598,325.48—the full amount of its lien interest, and thus the full amount to which it was entitled to recover under the statute. *See* O.C.G.A. § 34-9-11.1(b) (providing that the lien amount shall not "exceed the actual amount of compensation paid" by the employer to the employee in the form of "disability benefits, death benefits, and medical expenses."). Thereafter, DOAS filed a preemptive motion seeking to nullify any claim for the apportionment of attorneys' fees among Appellees' counsel and DOAS's counsel. Days later, Appellees settled their claims against Tortfeasors and then filed a

4

response in opposition to DOAS's motion and an application seeking the apportionment of attorneys' fees. Ultimately, the district court apportioned 75 percent of all fees and costs to Appellees' counsel (a sum of $149,581.37) and 25 percent of the same to DOAS's special counsel (a sum of $49,860.46).

## II

This is a diversity action, *see* 28 U.S.C. § 1332(a)(2), so we apply substantive state law and federal procedural law. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975). To ascertain Georgia's substantive law, we look to the decisions of the Georgia Supreme Court and the Georgia Court of Appeals. *See Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1149 (11th Cir. 2019) (citing *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009) (per curiam) ("[F]ederal courts are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise.")). We review *de novo* a district court's interpretation of state law. *See Jones v. United Space All., LLC*, 494 F.3d 1306, 1309 (11th Cir. 2007). Applying Georgia law, we review a trial court's apportionment of attorneys' fees under the GWCA for an abuse of discretion. *See Sommers v. State Compensation Ins. Fund*, 494 S.E.2d 82, 85 (Ga. Ct. App. 1997) (citation omitted).

5

III

DOAS first contends that Appellees' unilateral decision to withdraw their claims for past medical expenses constituted a "waiver" of those claims under the GWCA. Second, it argues that this "waiver" compelled DOAS to recover on its lien directly from Tortfeasors, not from Appellees, so that Appellees necessarily failed to effect a "recovery" of Zhang's past medical expenses within the meaning of the GWCA. This combination, DOAS says, renders the GWCA's attorneys' fee-shifting apportioning provision inoperative and precludes Appellees' counsel from sharing in DOAS's special counsel's attorneys' fees. A common-sense reading of the GWCA renders DOAS's arguments unpersuasive.

A

We address first whether Appellees "waived" their claim in a manner that adversely impacted any claims under the GWCA. The general statutory lien provision of the GWCA at issue provides, in relevant part, that

> In the event an employee has a right of action against [a third party for compensable injuries or death] and the employer's liability . . . has been fully or partially paid, then the employer . . . shall have a subrogation lien, not to exceed the actual amount of compensation paid, . . . against such recovery. . . . However, the employer's . . . recovery under [the GWCA] shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under [the GWCA] and shall only be recoverable if the injured employee has been fully and completely compensated[.]

6

O.C.G.A. § 34-9-11.1(b).  The employer carries the burden to establish that the employee has been fully and completely compensated, even if the employee's compensation results from "settling [the] claim against the tortfeasor."  *City of Warner Robins v. Baker*, 565 S.E.2d 919, 922 (Ga. Ct. App. 2002).  Thus, generally, where an employee concludes a settlement with a tortfeasor, the employer's "lien cannot be enforced," because the employer necessarily cannot prove that the employee recovered "full and complete compensation" from the tortfeasor unless the employee stipulates that the settlement constitutes a full recovery.  *Id.* at 923.

Inescapably, because Appellees acquiesced to DOAS's settlement with Tortfeasors for the full amount of their lien and then concluded their own settlement with Tortfeasors, in full and complete satisfaction of their claims for compensation, Appellees' actions relieved DOAS of a significant evidentiary hurdle that it would have otherwise faced to prove its entitlement to recover on its lien. Far from "waiving," and therefore prejudicing, or otherwise jeopardizing DOAS's subrogation rights, Appellees' conduct was essential to DOAS's ultimate recovery on its lien as a matter of Georgia law.  Appellees in essence agreed not to pursue anything above what DOAS could recover.  Thus, Appellees' claim was not "waived" in the sense DOAS claims.

7

B

We next consider whether Appellees' counsel effected a "recovery" on DOAS's lien interest within the meaning of the GWCA, to ascertain whether they are entitled to an apportionment of attorneys' fees. The general attorneys' fee provision of the GWCA provides that

> In the event of a recovery from [a third party for compensable injuries or death] by the injured employee or those to whom such employee's right of action survives *by judgment*, *settlement*, *or otherwise*, the attorney representing such injured employee [or the employee's survivor] shall be entitled to a reasonable fee for services; provided, however, that if the employer . . . has engaged another attorney to represent the employer . . . in effecting recovery against such other person, then a court of competent jurisdiction shall upon application apportion the reasonable fee between the attorney for the injured employee and the attorney for the employer . . . *in proportion to services rendered*.

O.C.G.A. § 34-9-11.1(d) (emphases added). Thus, the availability of attorney's fees is triggered under the statute when there is a recovery by the injured employee from a third-party tortfeasor. And, when that triggering event occurs, the court must apportion the attorney's fees between the attorney for the injured employee and the attorney for the employer (if the employer has hired an attorney to protect its lien interest) in proportion to services rendered. Our analysis focuses on the first clause: whether there was a recovery that triggers the availability of attorney's fees.

Georgia case law offers little by way of instruction as to when that triggering event is deemed to occur. In *Simpson v. Southwire Co.*, 548 S.E.2d 660 (Ga. Ct.

App. 2001), *cert. denied*, (Sept. 17, 2001), the Georgia Court of Appeals set forth three criteria that must be met in order for a trial court to apportion attorneys' fees under the GWCA. *See Simpson*, 548 S.E.2d at 661–62. Specifically, (1) the employee (or the employee's survivor) "must recover from the third-party tortfeasor both plaintiff's damages and lien damages;" (2) the employer "must have engaged another attorney to pursue its authorized recovery;" and (3) the party seeking apportionment must file an "application for apportionment of attorney fees attributable to such recovery." *Id*.

DOAS insists that we must give a limiting meaning to *Simpson*'s first prong, arguing that fee apportionment is available only where the injured employee recovers *both* plaintiff's damages (lost earnings, future medical expenses, etc.) and lien damages (past medical expenses) *directly* from the tortfeasors. In its view, Appellees did not "recover" DOAS's statutory lien because Tortfeasors paid DOAS—not Appellees—the amount of Zhang's past medical expenses and therefore settled DOAS's lien against Appellee's on the recovery of those damages. According to DOAS, this payment method means that Appellees did not recover the amount of the lien and therefore may not receive any portion of the fees attributable to the recovery.

But the rationale underlying *Simpson*'s first criterion does not apply here. In that case, the plaintiffs challenged the apportionment of attorney's fees to the

9

intervenor's attorneys because they had not been fully compensated after the settlement.  In announcing the first criterion, the *Simpson* court relied on another section of the applicable statute—§ 34-9-11.1(b)—which "makes clear that there is no recovery for the employer or the employer's insurer under OCGA § 34-9-11.1 as a whole apart from such subrogation lien as may lie after the payment of *full and fair compensation* to the injured employee." 548 S.E.2d at 661 (emphasis added).  Here, Appellees do not contest that they were fully compensated and "had been made whole by any future settlement of [their] claims."  Thus, the first *Simpson* criterion does not assist our analysis.

Nor does the language of the statute compel the limitation that DOAS seeks. To the contrary, the GWCA's attorneys' fee apportionment provision is triggered where the injured employee effects a full recovery from the third-party tortfeasor. Recall that the triggering clause of the attorney fee provision states: "In the event of a recovery from [the third-party tortfeasor] by the injured employee . . . the attorney representing such injured employee . . . shall be entitled to a reasonable fee." O.C.G.A. § 34-9-11.1.  Two words in this clause deserve attention: "recovery" and "by." The relevant edition of Black's Law Dictionary[3] defines "recovery" as "the restoration or vindication of a right existing in a person, by the formal judgment or

---

[3] Because the Georgia legislature passed the statute in 1992, we look to the Sixth Edition of Black's Law Dictionary.

decree of a competent court . . . or the obtaining, by such judgment, of some right or property which has been taken or withheld from him . . . [t]he amount finally collected, or the amount of judgment." *Recovery*, Black's Law Dictionary 1276 (6th ed. 1990). That definition is straightforward enough. Here, there was a clearly a recovery from the tortfeasor because DOAS collected damages in the amount of its lien on Appellee's award for past medical expenses from Tortfeasors.

The question, then, is whether the recovery was made *by* Appellees. Black's Law Dictionary defines "by" to mean: "Through the means, act, agency or instrumentality of." *By*, Black's Law Dictionary 201 (6th ed. 1990). Taken together, there is a "*recovery* from [the tortfeasor] *by* the injured employee" when there is an amount collected from the tortfeasors through the efforts of the injured employee. O.C.G.A. § 34-9-11.1 (emphasis added). And that situation is exactly what happened here. It seems to us beyond peradventure that but-for Appellees' significant pre-trial efforts, DOAS would not have realized a full recovery on its lien within the meaning of the GWCA. As the district court put it:

> DOAS could not have reached its settlement in the absence of Plaintiffs. Zhang had the legal claim for past medical expenses against Defendants as tortfeasors. Her right of recovery, of course, was subject to the DOAS lien, which was contingent on the satisfaction of certain conditions. To suggest that DOAS made the recovery on its own ignores the facts and the law. DOAS could not reach a final settlement unless Zhang agreed that she would not contest the amount of the recovery or that any settlement would make her whole. Thus, Plaintiffs were instrumental and indispensable for the recovery. Moreover, no recovery would have been made at all except for the efforts of Plaintiffs

11

and their counsel to establish negligence and causation. They carried that entire load in the litigation.

Further, this understanding of the attorney's fees triggering clause accords with the statutory scheme.  The GWCA provides for lawsuits against third-party tortfeasors in three situations: (1) where the employee brings a claim against the tortfeasor, § 34-9-11.1(a); (2) where the employee does not bring a claim against the tortfeasor but the employer does bring such a claim, § 34-9-11.1(c); and (3) where the employee brings a claim and the employer intervenes, § 34-9-11.1(c). Accordingly, the attorney's fee provision, § 34-9-11.1(d) allows counsel to receive attorney's fees in each scenario.  Again, that provision states in full:

> ***In the event of a recovery*** from such other person by the injured employee or those to whom such employee's right of action survives by judgment, settlement, or otherwise*, **the attorney representing such injured employee or those to whom such employee's right of action survives shall be entitled to a reasonable fee for services; provided, however, that if the employer or insurer has engaged another attorney*** to represent the employer or insurer in effecting recovery against such other person, then a court of competent jurisdiction shall upon application **apportion the reasonable fee between the attorney for the injured employee and the attorney for the employer or insurer in proportion to services rendered.**

O.C.G.A. § 34-9-11.1(d) (emphasis added).  Just as the statute generally allows suits against the tortfeasors in three circumstances, in the event of a recovery from the tortfeasor, the attorney's fee provision allows: (1) the employee's attorney to receive fees, (2) the employer's attorney to receive fees (if the employee did not bring the suit within a year), and (3) both the employee's attorney and the employer's attorney

12

to recover fees "in proportion to services rendered" (where both the employer and employee participated in the lawsuit). O.C.G.A. § 34-9-11.1(d). So long as the employee is "made whole," *see Simpson*, 548 S.E.2d at 661, GWCA does not imagine a situation in which attorneys will not receive attorney's fees out of the recovery for their efforts.

Accordingly, where an employee's judicially-supervised litigation strategy, to which the employer agrees, causes recovery of the the full amount of its lien from the tortfeasor, a "recovery from [the third-party tortfeasor]" is effected by the employee within the meaning of the statute. O.C.G.A. § 34-9-11.1(d). In such a case, the court "shall upon application apportion the reasonable fee" between counsel for the employee and the employer—precisely the factual scenario presented here. *Id.*

C

DOAS next contends that the district court considered "irrelevant factors," rendering fee apportionment contrary to statute. We disagree. Under the GWCA, once an employee has been fully and completely compensated, a trial court must apportion attorneys' fees, but the amount of the apportionment is within its sound discretion. *Sommers*, 494 S.E.2d at 85 (citation omitted). Trial courts may consider, among other things, the fee arrangements between the parties and their counsel, the parties' roles in the underlying litigation, the parties' conduct in the litigation, and

13

the extent of the parties' respective participation in and contributions to the litigation. *See id.* at 86.

In this case, the district court considered that (1) both Appellees' counsel and DOAS's special counsel were retained on a one-third contingency basis; (2) although both parties carried independent burdens of proof, several issues overlapped, and Appellees' counsel conducted "extensive discovery," incurred "substantial expenses," and successfully opposed Tortfeasors' partial summary judgment motion, all of which led to Tortfeasors' admission of negligence liability, whereas DOAS's special counsel merely filed a motion to intervene and attended certain pre-trial proceedings; (3) because Appellees declined to present evidence of Zhang's past medical expenses at trial and agreed that any settlement between DOAS and Tortfeasors would render Appellees "whole," on the past medical expenses claim, DOAS was relieved of its statutory burden to prove that Zhang was "fully and completely compensated;" and (4) Appellees' counsel incurred over $700,000 in litigation expenses. The factual findings made by the court derive directly from record evidence. Because the district court expressly and correctly applied *Sommers* to the facts, we find no abuse of discretion. The statute authorizes courts, in their discretion, to apportion attorneys' fees in proportion to services rendered, and the district court did so.

**AFFIRMED**.

14